Argued and submitted March 10,
affirmed as modified April 7, reconsideration denied May 15,
petition for review denied May 28, 1980 (289 Or 209)

In the Matter of the Marriage of
# TRUDEL,
*Appellant,*
*and*
# TRUDEL,
*Respondent.*

(No. D12-611, CA 15948)

608 P2d 1230

■■■■■■

Douglas L. Minson, Hillsboro, argued the cause and filed the brief for appellant.

John J. Haugh and Jeffrey P. Foote, Portland, waived appearance for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

■■■■■■

## ROBERTS, J.

In this dissolution-of-marriage case it would serve no useful purpose to set out the facts because we affirm the trial court in all respects except the award of attorney fees to wife. Husband maintains there was no stipulation that the court could set attorney fees and that no evidence was presented on the issue.

The dissolution proceeding was first before the court on February 8, 1979. It was continued to March 29, 1979, at which time the court requested husband to present evidence of certain pension accounts, a credit union account, and to show the disposition of approximately $36,000 from the sale of property which husband had not accounted for. At the March hearing husband's testimony regarding the $36,000 included references to "the hoard" in which he said he kept money and an explanation that a neighbor kept money for him. Husband testified that the neighbor had approximately $12,000 of his at the time of the March hearing.

The court questioned husband about three $10,000 withdrawals from a savings account, and then indicated its displeasure with husband's evasive responses, which the court felt were a deliberate effort to conceal the money.

The court stated in its memorandum opinion that

"In view of the [husband's] reluctance to be candid with the Court (despite the obvious urging of his counsel to meet the Court's inquiries), and the resulting additional litigation time and costs occasioned thereby, the Court will also order that [husband] pay to [wife] the sum of $1,200.00 on account of her attorney's fees, together with her costs."

Husband filed a motion for reconsideration of the court's proposed property distribution, child support and award of attorney fees. The motion was argued on May 3, 1979. The following colloquy occurred between the court and husband's attorney.

"[Husband's counsel]: Now, item nine, there was no stipulation regarding the reasonableness and necessity for attorney fees of $1,200.

"THE COURT: Well, wasn't there a stipulation that I could set attorney fees, if necessary.

"[Husband's counsel]: No. There was no such stipulation.

"THE COURT: Okay. Well, the reason that I set them that high, was the fact that he had to come back because of the situation of him having a hoard and refusing to tell the court on the other time where it was and account for it and it caused the court a lot of trouble and I know that [husband's counsel] told him *that he had to do it and he didn't follow your orders.* I know that, because I know you too well, that he violated your orders in this regard and he didn't make a clean breast of things and it caused extra trouble for your client and it caused extra trouble for him and so he is going to have to suffer the consequences of the extra attorney fees."

The court continued at great length to explain its reasons for awarding attorney fees to wife and concluded with the following.

"Now, if you want to put on testimony, I will let you do it, but it just took an inordinately long amount of time because of the fact we couldn't get answers about the money. He wouldn't tell us. He was very reluctant and I know from my experience with you, [husband's counsel] that you told him that he couldn't do that. I know that. And he violated your instructions. I have known you too long. But if you insist upon putting on testimony, then, okay.

"[Husband's counsel]: Well, Your Honor, an award of attorney fees might be appropriate but when you stop to consider what the information that you gave that you required of him to produce at the second hearing, was information that was available. It could have been introduced had it been requested by [wife's counsel]."

The court then repeated its reasons for the award.

In its supplemental memorandum opinion the court modified the proposed decree as to the custody of one

child and child support, leaving the property distribution as it had previously been set out. As to attorney fees, the court said

"* * * As indicated in my prior Opinion on attorney's fees, a great amount of time was unnecessarily expended by reason of the [husband's] reluctance to be forthright with the Court and with the [wife] in revealing the nature and whereabouts of his assets and the Court feels the amount of attorney's fees was reasonable under these circumstances."

On July 25, 1979, husband, through a different attorney, filed a motion for reconsideration and for clarification which was set for argument on September 17, 1979. At that time husband's first attorney filed a motion of resignation which the court accepted and husband's new attorney argued the motion. The following colloquy occurred at that hearing.

"[Husband's counsel]: The second issue that we would like to bring to the court's attention that we may think is of some concern to us is the judgment in favor of [wife] for paying of her attorney fee in the amount of $1,200.

"Now, it would be our position that it is a matter of long standing law in this state that any award of attorney fees should be the subject of a hearing on the issue of the reasonableness of that award and I would cite as authority Easton and Easton, which is 36 Or app at 619 for that premise. My client and counsel for him have informed me in the past that no such hearing was granted in this case and we would suggest to the court that in view of that the award of attorney fees should not be granted. * * *

"THE COURT: I thought the stipulation was that the court could set attorney fees in the absence, and that that stipulation was entered into before trial.

"[Wife's counsel]: That is right, Your Honor, and as a matter of fact, the parties agreed that you could set them.

"THE COURT: So, I think your client is estopped at this particular time to ask for a rehearing on it.

"[Husband's counsel]: The only reason I raised that is because I was informed by my client and his

[667]

former attorney that there was no stipulation and if I am in error in that, it is because I was not here and I have not seen a transcript.

"THE COURT: Well, the record should show. I do not set attorney fees in the absence of some stipulation.

"[Husband's counsel]: I am aware of that, Your Honor.

"THE COURT: I don't know whether it was put on the record or not.

At this point wife's attorney reminded the court of its statements in the two memorandum opinions and concluded

"So, we have had three looks at this so far.

"[Husband's counsel]: But of course, that isn't really the issue. If there was a stipulation and I don't know.

"THE COURT: Well, I don't know. There was a stipulation entered into by [husband's counsel] and [wife's counsel] and it should be in the record some place. Either that or, if it is in error, it is in error. But I always — I don't set them unless there is a stipulation. Whether the stipulation here was put on the record or not, I don't know.

"[Husband's counsel]: Very good, Your Honor. I merely wanted to bring that to the court's attention because it was a representation to me.

"THE COURT: In these divorce cases, ordinarily the parties in order to avoid costs don't bring in other attorneys, and put them on the stand and take that kind of time. And actually the attorney fees that I set in this case were very, very modest, very modest compared to what went on.

"* * * * *."

From all of the portions of the record set out above the only statement that could, in any way, be the basis for a stipulation for the setting of attorney fees is the statement by husband's attorney that "* * * an award of attorney fees might be appropriate * * *." We conclude that in the context in which that statement was made it was not sufficient to operate as a stipulation.

[668]

The amount of any attorney fees to be awarded is a question of fact to be determined in the same manner as any other question of fact unless the parties specifically stipulate that the court may fix the fee without hearing evidence on that issue. *State High. Com. et al v. Kendrick et al,* 227 Or 608, 363 P2d 1078 (1961); *Maniford Business v. Multnomah Co.,* 255 Or 225, 465 P2d 710 (1970); *Fery and Fery,* 20 Or App 581, 532 P2d 1131 (1975). Here there was no stipulation and no evidence was presented on the reasonableness of attorney fees; thus it was error to award attorney fees to wife.

Affirmed as modified. No costs to either party.