# HOWARD-COOPER CORPORATION
dba Payline Northwest Company,
*Appellant - Cross Respondent,*
*v.*
# LERAY CONSTRUCTION, INC. et al,
*Defendants,*
*and*
# GOTANDA,
*Respondent,*
*and*
# FOSSES & SONS, INC. et al,
*Respondents - Cross-Appellants.*

(No. 80-2-182, CA 19180)

631 P2d 817

John M. Berman, Esq., Portland, argued the cause for
appellant - cross-respondent. With him on the briefs was
Spears, Lubersky, Campbell & Bledsoe, Portland.

Thomas A. Gerber, Portland, argued the cause for respondents - cross-appellants Fosses & Sons, Inc. and Fred Meyer Savings & Loan Association. With him on the briefs were O'Donnell, Rhoades, Gerber, Sullivan & Ramis and Philip A. Reeves, Certified Law Student, Portland.

Jeffrey R. Spere, Portland, argued the cause for respondent Charles Gotanda. With him on the brief was Sussman, Shank, Wapnick, Caplan & Stiles, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an action to foreclose a construction lien in which the trial court granted summary judgment in favor of defendants. Plaintiff appeals and defendants Fosses & Sons, Inc. and Fred Meyer Savings & Loan (defendants) cross-appeal. We find no error save with respect to the matter raised on cross-appeal concerning attorney's fees.

After defendants were granted summary judgment they filed a statement of costs and disbursements in which they sought attorney fees and costs in the amount of $3,900. Along with the cost bill, defendants submitted the affidavit of one of their attorneys outlining the services performed for defendants and the hours and charges made for those services. Plaintiff filed objections to the cost bill, alleging that the attorney fees sought were excessive and that they were not all recoverable from plaintiff. Defendants requested a hearing before the trial court on the issues raised in the objections. The trial judge, indicating that he saw so reason to hold a hearing, awarded defendants $1,100 in attorney fees and $43 in other costs and disbursements. Defendants contend that they had a right to have a hearing on the amount of costs allowed. We agree.

The parties have complied with the procedures and time limits established in ORS 20.210 pertaining to the filing of a statement of costs and disbursements by the prevailing party and objections by the adverse party.[1] That statute provides that when objections are filed to a statement of costs and disbursements:

"* * *[q]uestions of law and of fact, denials of any or all of the items charged in the statement, and allegations of new matter, may be joined and included in the objections, and these shall be deemed controverted and denied by the party filing the statement without further pleading. The statement of disbursements, and the objections thereto, constitute the only pleadings required on the question, and they shall be subject to amendment like pleadings in other cases." ORS 20.210.

---

[1] A statement of costs and disbursements must be filed within 10 days of the entry of judgment. The statement shall be entered as of course by the clerk unless the adverse party files objections within five days after the expiration of the time allowed for filing the statement, stating the particulars of such objections. ORS 20.210.

Pursuant to ORS 20.220:

"(1) As soon as convenient after objections are filed against a statement of disbursements, the court or judge thereof in which the action, suit or proceeding is pending *shall,* without a jury, proceed to hear and determine all the issues involved by the statement and objections. At such hearing the court or judge may examine any record or paper on file in the cause, and either party may produce relevant or competent testimony, orally or by deposition, or otherwise, to sustain the issues on his behalf. Either party may except to a ruling upon any question of law made at such hearing as in other cases." (Emphasis supplied.)

Under the terms of these two sections, the statement of costs and disbursements and the objections thereto are to be treated as pleadings on the issues they raise. The trial judge is to hear and determine the issues involved, and the parties may produce testimony to support their respective positions. Even without a specific request by either party the statute provides for the type of hearing defendants requested.

Plaintiff suggests that by submitting an affidavit along with their statement of costs defendants have somehow waived their right to a hearing. While it may be that defendants could rely upon the affidavit submitted with the statement of costs to support their claim, that affidavit was submitted *before* plaintiff filed objections to the costs statement and was not a response to those objections. By requesting a hearing defendants made it clear that they did not intend to rely only upon the material contained in the affidavit. The statute gives them the right to present testimony on the issues presented by the pleadings. Defendants were denied that right. We conclude that defendants were entitled to a hearing on the amount of costs to be allowed and remand for a hearing.

Affirmed in part, reversed in part and remanded.