# MOUNTAIN SHADOW HOMES, INC.,
*Respondent, Cross-Appellant,*

*v.*

# GRAY et ux,
*Appellants, Cross-Respondents,*

*v.*

# BOISE CASCADE CORPORATION et al,
*Third-Party Defendants.*

## (No. E78-0480, CA A22998)

656 P2d 383

Carl M. Felker, P.C., Roseburg, argued the cause and filed the briefs for appellants, cross-respondents.

John A. Hudson, Eugene, argued the cause and filed the briefs for respondent, cross-appellant.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff sued defendants Gray to recover the balance allegedly due on a contract for the sale and installation of a modular home and to foreclose a construction lien for that amount. Those defendants filed a counterclaim for damages for defects in the installation and brought in Boise Cascade Corporation as third-party defendant. By stipulation, the contract claims and the foreclosure suit were separately tried. The jury gave a verdict for plaintiff, and the trial court dismissed the foreclosure claim. Plaintiff was awarded attorney fees as the prevailing party on the contract, which specifically provided that the seller was entitled to reasonable attorney fees "[i]n the event it becomes necessary for seller to enforce its rights in accordance with its agreement." Defendants appeal the award of attorney fees, contending that plaintiff was not the prevailing party. Plaintiff cross-appeals, claiming that it was error to dismiss the foreclosure suit and that the amount of attorney fees was insufficient.[1]

■ ■  Defendants argue that, because they had tendered into court an amount greater than plaintiff recovered at trial, they were the prevailing parties. *See Wetzstein v. Hemstreet,* 276 Or 623, 555 P2d 1243 (1976); *King v. Suniga,* 54 Or App 267, 634 P2d 812 (1981); ORS 20.096; ORCP 54E. However, the trial court found that there was no tender:

> "[A]nd with respect to the issue of tender, I think that the defendants, in effect, are talking out of both sides of their mouth. Yes, we pay the money into court, but, no, you can't have it, and with that kind of condition attached, I don't think that is what the law contemplates to encourage tenders to diminish litigation and need for expensive trials."

A money tender must be unconditional. *Butler v. United Pacific Ins. Co.,* 265 Or 473, 509 P2d 1184 (1973). Defendants' motion in opposition to plaintiff's motion to require the court clerk to pay over the money "tendered" states:

---

[1] Plaintiff also appeals from the orders denying its motion for summary judgment and its motion to require the court clerk to pay over money tendered into court by defendants. Neither order is reviewable in this instance. ORS 19.010; *Smallwood v. Erlandson,* 281 Or 699, 576 P2d 374 (1978); *Hoy v. Jackson,* 26 Or App 895, 554 P2d 561, *rev den* (1976).

"[Defendants request that plaintiff's motion be denied] upon the grounds that the money was tendered into Court and paid into Court to show willingness of [defendants] to comply with the terms of their contract, when and after the amounts owed [defendants] has been determined by the Court for the failure of Plaintiff and the defendant, Boise Cascade Corp., to deliver to [defendants] the home which they purchased and for any and all damages which [defendants] sustained by reason of the defective condition of said home when delivered and the workmanship in installing and placing said home on their property * * *."

Defendants' payment of money into court was neither a tender within the meaning of ORS 20.096 nor an offer of compromise within the meaning of ORCP 54E.

Plaintiff argues that it was error to dismiss its lien foreclosure suit. Because it did not designate the transcript of the lien foreclosure proceedings as part of the record on appeal, we cannot review this claimed error.

The transcript of the hearing on the amount of attorney fees *is* included in the record on appeal. The trial court awarded $5,000 as reasonable attorney fees for prevailing on the contract claims. Plaintiff argues that that amount was insufficient. The amount of attorney fees is a question for the trier of fact and may be set aside only if it is not supported by substantial competent evidence. *State High. Com. et al v. Kendrick et al,* 227 Or 608, 363 P2d 1078 (1961). There is ample evidence that $5,000 was reasonable for plaintiff's attorney's efforts.

Affirmed.