Argued and submitted November 26, 1985, affirmed as modified June 4, 1986

In the Matter of the Marriage of

## WHITLOW,
*Respondent,*
*and*

## WHITLOW,
*Appellant.*

(83-0404; CA A32088)

719 P2d 1308

Donald O. Tarlow, Newberg, argued the cause for appellant. With him on the brief was Brown & Tarlow, P.C., Newberg.

Willard L. Cushing, McMinnville, argued the cause for

respondent. With him on the brief was Cushing, Johnstone & Peterson, P.C., McMinnville.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Husband appeals the property division and attorney fees provisions of the decree dissolving a four-year marriage. Wife's cross-appeal was dismissed as untimely.

The parties married in December, 1979, in Australia, where both had been working. Just before their marriage, wife terminated her employment as an executive secretary, and husband terminated his 15-year employment with Eastman Kodak. Shortly after their marriage, husband sued Kodak for breach of his employment contract and eventually recovered a judgment for over $100,000. The parties moved from Australia to husband's 41-acre farm in Yamhill and began remodeling the old farmhouse on a full-time basis. Wife painted, installed wallboard, cleaned and papered until she went back to work as a secretary in January, 1981. Husband continued the remodeling for about one more year before he went back to work. They spent approximately $35,000 in improving the residence. An expert witness testified that the value of the home increased by about $30,000 during the period of the marriage.

Husband returned to business by buying a stock interest in Far West Micrographix (FWM), a closely held corporation, for $10,000. Wife made no financial contribution to that acquisition and did not participate in its operation or management. Husband and two other FWM shareholders also established NRW Enterprises (NRW) for the purpose of acquiring Business Equipment Center (BEC). With about $21,000 from wife's savings and $9,000 of his own, husband provided the funds for his one-third interest in NRW for use as a downpayment on the BEC shares. Wife's expert valued the total stockholder equity in BEC at a minimum of $646,000, but he changed his opinion during trial to $4,170,000, based on testimony concerning projected sales. He estimated the value of the FWM stock to be $342,000. The husband's expert concluded that the one-sixth interest in FWM had a value of $35,000 and that husband's one-third interest in NRW was worth $24,124. The trial court found husband's expert's testimony more credible because of his extensive experience in business valuation, unlike wife's expert's. However, rather than dividing the value of the stock between the parties, the court awarded wife the value of her investment, plus an 18 percent annual rate of return.

The court determined that this was a short-term marriage and that the principle of restoration applied to the distribution of property. It awarded a $65,000 lump sum to wife, which included compensation for work done on the remodeling of the farmhouse (which was awarded to husband), return of her financial contribution for the purchase of NRW and BEC, plus an 18 percent annual rate of return and recompense for additional financial contributions that wife had made. Husband's share of the property division included items which the court did not consider marital assets—the farm, the recovery from Kodak and a house and duplex in Eugene. He also received all the corporate stock, as well as his share of the appreciation in the value of the farmhouse. Husband accepts the trial court's property valuations; and well he might, because any errors evident in the record are in his favor. Still, he argues that the distribution is inequitable.

■ We agree with the trial court that the appropriate approach in this case is to attempt to put the parties as nearly as possible in the financial position where they would be had there been no marriage. Even so, the primary task in a property division, in "short term" as well as "long term" marriages, is to insure that it is just and proper under the circumstances. *Miller and Miller,* 294 Or 660, 665, 661 P2d 1361 (1983). According to husband's calculations, the property division, in which he would include attorney fees, gives him $68,785 ($78,785 minus the $10,000 promissory note given for the FWM stock) and wife $88,000. Husband's share does not include the value of the items that the trial court did not consider as marital assets. He then would subtract his current year's income tax liability from his award and argues that he receives only $17,000, while wife receives $88,000. Husband's tax liability on his greater than $200,000 income for 1983 has no relevancy to the property division. He would have us also ignore the facts that he retains all the interest in FWM and BEC, which are flourishing businesses, while wife simply gets reimbursed for her original investment in the stock, plus a reasonable rate of return. We can find absolutely nothing even to suggest that husband has received an inequitable share of the property.

■ Husband next argues that the trial court erred in awarding attorney fees and expert witness fees. ORCP 68 generally governs the allowance of attorney fees and costs and

disbursements. ORCP 68C(1)(a), however, specifically exempts from its scope awards of attorney fees in dissolution proceedings. Under ORS 107.105(1)(i), the trial court has the discretion to award attorney fees and other expenses, but the court cannot award attorney fees "in the absence of a stipulation that the court could award fees and without an evidentiary hearing." *Earwood and Earwood,* 69 Or App 339, 340, 685 P2d 478 (1984); *Trudel and Trudel,* 45 Or App 663, 608 P2d 1230, *rev den* 289 Or 209 (1980). In this case, no stipulation was entered into, and no evidentiary hearing was held. The trial court erred in awarding attorney fees.

■    The trial court also erred in awarding expert witness fees. Unlike attorney fees, expert witness fees in a dissolution proceeding are not exempt from the procedural requirements of ORCP 68. *See* ORCP 68A(2). If an objection to a cost statement is filed, then the court must hold an evidentiary hearing before entering a judgment allowing costs and disbursements. ORCP 68C(4)(c). In this case, husband filed a timely objection to wife's cost statement, but the trial court entered the judgment awarding costs without holding a hearing. That was error.

Judgment modified by deleting attorney fees; remanded for a hearing on husband's objection to the expert witness fees; otherwise affirmed. Costs to neither party.