JIMENEZ,
*Appellant,*

*v.*

OVCHINIKOV et al,
*Respondents.*

(87D-301981; CA A49506)

779 P2d 189

Nargess Shadbeh, Woodburn, argued the cause for

appellant. With her on the on the brief was Ira R. Zarov, Woodburn.

Benjamin Rosenthal, Portland, argued the cause for respondents. With him on the brief was J. William Bennett, Portland.

Before Richardson, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from a judgment that awarded him $3,500 in attorney fees. He sought fees of approximately $19,488. He assigns as error the failure of the trial court to hold a hearing pursuant to ORCP 68C(4)(C),[1] to award him costs for the expense of an interpreter and to its reduction of his fees to $3,500. We affirm.

Plaintiff, a migrant reforestation worker, filed an action against defendant labor contractors alleging violations of the Oregon Farm/Forestry Labor Contractor Registration Act ORS 658.405 *et seq,* and the Oregon Wage Claim Statute. ORS 652.150. Defendants' answer denied liability and alleged counterclaims against plaintiff. The case was assigned to arbitration. A Spanish speaking interpreter was required for the hearing. The arbitrator found in favor of plaintiff, and defendants requested a trial *de novo.* ORS 33.400(2)(a). Before trial, the parties settled, stipulating that plaintiff was entitled to his reasonable attorney fees and costs and that the court would decide the amount.

Thereafter, plaintiff submitted to the court a statement of attorney fees and costs, and defendants filed an objection, supported by a memorandum. No controverting affidavit was filed. Twelve days later, plaintiff filed a reply memorandum. Neither party requested oral argument or an evidentiary hearing. Two days later, the court made its award. Plaintiff's attorneys responded thirteen days later with this letter to the court:

"We have received your letter opinion regarding award of attorney fees and costs for plaintiff. We had submitted written memos along with our attorney fees statement. Defendants presented their written objections and we replied. We did not, however, receive an opportunity to argue this case orally before the District Court.

"We respectfully request that you rescind your decision and allow us to be heard on the issue of attorney fees and

---

[1] ORCP 64C(4)(c) states:

"Upon service and filing of timely objections, the court, without a jury, shall hear and determine all issues of law or fact raised by the statement and objections. Parties shall be given a reasonable opportunity to present evidence and affidavits relevant to any factual issues."

costs. Furthermore, we request that you make specific findings of facts and conclusions of law on these issues."

The trial court denied plaintiff's request.

■■    Plaintiff asserts that the court erred in failing to hold a hearing, as required by ORCP 68C(4)(c), to resolve factual issues raised by defendants' objections. Plaintiff correctly argues that an evidentiary hearing is mandated when issues of fact exist because of an objection to a cost bill. *See Whitlow and Whitlow,* 79 Or App 555, 559, 719 P2d 1308 (1986); *Medford Irrigation Dist. v. Western Bank,* 66 Or App 589, 598, 676 P2d 329 (1984). However, plaintiff never complained about the lack of an evidentiary hearing, either before or after the court ruled. In response to defendants' objections he asked only for oral argument and that the court make specific findings of fact and conclusions. By doing so, plaintiff was apparently relying entirely on the evidence contained in his initial affidavit. In the language of ORCP 64C(4)(c), he had been given a "reasonable opportunity to present evidence and affidavits relevant to any factual issues." *See Howard-Cooper v. Leroy Constr. Inc.,* 53 Or App 236, 239, 631 P2d 817 (1981). What plaintiff was denied was the opportunity to argue orally what he had already argued in his written memorandum. Nothing in ORCP 68C(4)(c) requires a trial court to give a party an opportunity for a second argument, oral or written, and the trial court did not abuse its discretion in not allowing one. *See State v. Gholston,* 55 Or App 790, 793-94, 639 P2d 1302, *rev den* 292 Or 863 (1982).

■■    In his second assignment of error, plaintiff argues that he was not awarded his costs for the services of an interpreter at the arbitration hearing. Entitlement to costs must be found in and is limited by statute. *Compton v. Weyerhaeuser,* 302 Or 366, 367, 730 P2d 540 (1986). Plaintiff relies on ORCP 68A(2)[2] and *Franconi v. Graham,* 89 Or 619, 625, 174 P 548

---

[2] ORCP 68A(2) states:

" 'Costs and disbursements' are reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the fees of officers and witnesses; the expense of publication of summonses or notices, and the postage where the same are served by mail; the compensation of referees; the necessary expense of copying of any public record, book, or document used as evidence on the trial; recordation or any document where recordation is required to give notice of the creation, modification or termination of an interest in real property; a reasonable sum paid a person for executing any bond, recognizance, undertaking, stipulation, or other obligation therein; and any other expense specifically allowed by agreement, by these rules, or by other rule or statute. The expense of taking depositions shall not be allowed, even though the depositions are used at trial, except as otherwise provided by rule or statute."

(1918),[3] for the proposition that the cost of an interpreter is a "reasonable and necessary" expense in an arbitration proceeding. However, UTCR 13.240(2)[4] expressly limits the award of costs in an arbitration proceeding to the prevailing party fee and the share of the arbitrator's fee. For this reason, we reject plaintiff's argument.

■  Finally, plaintiff argues that there is no substantial evidence to support the trial court's reduction of plaintiff's fees. *See Mt. Shadow Homes v. Gray,* 61 Or App 230, 656 P2d 383, *rev den* 295 Or 31 (1983). There is evidence in the record from which the trial court could have found a duplication of services and excessive time expended by the two attorneys representing plaintiff and another party.[5] Under the analysis in *Newbern v. Gas-Ice Corporation,* 263 Or 250, 257-58, 501 P2d 1294 (1972),[6] there is substantial evidence to support the trial court's award.

Affirmed.

---

[3] *Franconi v. Graham, supra,* held that costs of an interpreter were properly allowed because Section 855 LOL required the use of an interpreter in cases where the witness does not understand the English language. OEC 604 requires the appointment of an interpreter for a witness or party in a criminal or civil proceeding and provides that, in a civil proceeding, the party requiring the interpreter shall pay the cost.

[4] UTCR 13.240(2) states:

"The prevailing party, if appropriate, may submit a cost bill, limited to the prevailing fee and share of the arbitrator's fee."

[5] The arbitrator allowed a total award of $3,200 damages to both plaintiff and the other party and awarded $3,200 in attorney fees. The other party settled his case before trial also, but without any reservation concerning the amount of attorney fees.

[6] In *Newbern,* the court considered such factors as the amount of time devoted by the attorney, the complexity of the issues, the value of the interests involved, the result secured and the skill, eminence and professional standing of opposing counsel, as well as the estimated amount of time spent by them on the case.