McDonald *v.* Evans.

JAMES McDONALD, Appellant, *v.* DAVID EVANS, Respondent.

*Appeal from Douglas County.*

Costs.—Construction of sec. 539 of the Code, as to when a party is entitled to costs.

Idem.—Costs can in no action at law be awarded to both parties.

This action was commenced in the county court of Douglas county to recover the possession of certain personal property, viz: six head of cattle. The defendant recovered a judgment, which was removed by appeal to the circuit court. The complaint contains the usual allegations for such recovery. The answer controverted each of the allegations of the complaint, and alleged affirmatively that the defendant was the owner of said property, and, in the prayer for relief, asked for costs and disbursements; but neither claimed the return of the property nor damages for the detention thereof. Upon trial the jury found that plaintiff was the owner of one of the cattle described in his complaint, and that the same was of the value of $25. They also found that the defendant was the owner of the other five head of said cattle, and that they were of the aggregate value of $150. The court rendered judgment in favor of the plaintiff for the possession of one of the cattle, and in favor of the defend-

McDonald *v.* Evans.

ant for the others. The court below awarded to the plaintiff costs and disbursements to the sum of $25, and full costs to the defendant to be taxed by the clerk.

*Watson & Lane,* for appellant.

Our statute provides for costs. (Code, p. 287 sec. 539.)

Costs allowed to defendant when the plaintiff is not entitled to them. (p. 287, sec. 541.)

A party entitled to costs is also entitled to disbursements. (Code, p. 288, sec. 543.)

*W. R. Willis, Esq.,* for respondent.

Plaintiff could recover but $25 costs. (Code, p. 287, subdiv. 5, sec. 539.)

Both parties are actors or moving parties. (Steph. *Nisi Prius* 2482.)

Defendant was entitled to his costs and disbursements herein. (How. N. Y. Code, 494; 6 Hill 353; 2 Wend. 637; 12 Wend. 285.)

THAYER, J. The only question here is as to whether one or both of the parties is entitled to costs. Costs in every case are awarded by provision of statute—at common law they were not allowed.

After a close examination of the statutes we have not been able to find any authority, in any case, for awarding costs to both parties. Had the plaintiff in this case proceeded only to recover the possession or value of his property, and not resorted to his provisional remedy; in that event, having recovered the possession of property of the value of $25 only, he would have been entitled to $25 cost only, and the defendant would not have been entitled to any costs whatever.

The statute provides (p. 204, sec. 259) that, "in an action to recover the possession of the personal property, judgment for the plaintiff may be for the possession or value thereof, in case a delivery cannot be had, and damages for the detention thereof. If the property had been delivered to the plaintiff,

and the defendant claimed the return thereof, judgment for the defendant may be for a return of the property, or the value thereof, &c." Doubtless, under this provision, the defendant could recover any portion of the property proved on the trial to be his: provided, he claimed a return thereof in his answer. In this case he has made no such claim, and would be entitled to no such relief. In case, however, the plaintiff should retain the property after the termination of the action, defendant's remedy would be by action on his part. (5 Dénio, 21.)

By the revised statutes of New York, both parties, under certain circumstances, may recover costs in the same action. (2 Denio, 188.) But it will be seen that costs cannot be awarded in that state, when the action in its nature is entire; and in no event will they be allowed, except under the pro. visions of the statute referred to.

In justice, the defendant, in the case at bar, might be entitled to costs, but unfortunately for him, we have no statute which so permits and this court cannot legislate. Under our statutes, costs are only allowed of course, to the defendant, when the plaintiff is not entitled to costs, p. 287, sec. 541. In this case, plaintiff being entitled to costs, this defendant cannot be. In a similar case in Massachusetts, costs were allowed to both parties. This decision, however, must have been made under some peculiar provision of their statutes, as it could not have been made under any common law provision for the reason before mentioned, that at common law neither party was entitled to costs. (*Burrill Law Dic.* title " costs.")

Judgment reversed.