DEVLIN, *Respondent,*
*v.*
MILWAUKIE COVENANT CHURCH et al,
*Appellants.*
(Trial Court No. 80916, Supreme Court No. 24335)
557 P2d 647

*Norman L. Lindstedt,* Portland, argued the cause for appellants. With him on the brief were Lindstedt & Buono, Portland.

*John C. Anicker, Jr.,* Oregon City, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and O'Connell, Tongue and Bohannon, Justices.

BOHANNON, J. (Pro tempore).

[ 1207 ]

**BOHANNON, J.** (Pro Tempore).

This same case was before this court previously and is reported at 269 Or 596, 525 P2d 998 (1974).This case was commenced as a suit to foreclose a mechanic's lien for labor and materials furnished by the plaintiff toward the construction of a new church building for the defendant Milwaukie Covenant Church, an Oregon nonprofit corporation. As a result of the original trial a decree of foreclosure was entered in favor of the plaintiff. The defendants appealed. This court in *Devlin v. Milwaukie Covenant Church, supra,* reversed and remanded the cause for the assessment of damages.

When this case went back to the trial court, no further trial was had. Instead, it was apparently agreed that the trial court could make a further determination on the original record but in accordance with the mandate of this court. Following several informal conferences with counsel the trial court, instead of determining damages in accordance with our mandate, entered a second decree of foreclosure in favor of the plaintiff from which the defendants again appeal. The second decree, except for minor changes not necessary to here discuss, is the same as the first decree. Defendants contend the circuit court erred in ignoring the opinion and mandate of this court in the prior appeal.

In the original opinion in this case this court held:

"* * * [T]he parties entered into an enforceable contract whereby plaintiff agreed to construct a church for actual costs plus a fee of $14,400, the total cost to the church not to exceed $144,000. * * * [T]he plaintiff, rather than the defendant, breached the contract.* * * [T]he defendant was acting within the contract rights when it refused to make the requested payments and the contractor's work stoppage constituted a breach." (Footnotes omitted.) *Devlin v. Milwaukie Covenant Church, supra,* 269 Or at 602-05.

The opinion concludes as follows:

> "The decision of the trial court is reversed and the case is remanded with instructions that the trial judge fix and assess damages in a manner consistent with this opinion." 269 Or at 605.

In our original remand of this case for the assessment of damages, we meant to say that plaintiff had, by his breach of the contract, lost his right to claim a lien. In reaching this conclusion we invoked the principle that:

> "A contractor cannot successfully assert a mechanic's lien upon the property where there has been only part performance or a lack of substantial performance of the contract * * *." (Footnote omitted.) 53 Am Jur 2d 563, Mechanics' Liens, § 51.

This principle has been recognized in Oregon in the case of *Maynard v. Lange,* 71 Or 560, 143 P 648, 1916E Ann Cas 547 (1914). In the last-mentioned case the plaintiffs-contractors agreed in writing with the defendant-property owner to construct for the latter a house according to plans and specifications made a part of the contract. A dispute arose as to whether the work was completed as stipulated whereupon the contractors filed a lien for the balance alleged to be due them. At trial it was established that the contractors had failed to install drainage in the manner required by the contract. This court held that since the plaintiffs had failed to prove performance of the contract, they could not prevail in their suit to foreclose their lien.

In the earlier case of *Pippy v. Winslow,* 62 Or 219, 222-23, 125 P 298 (1912), this court also said:

> "Where the contractor fails to perform a considerable part of the work required by the contract, his failure, irrespective of whether his intentions were good or bad, constitutes a bar to his enforcement of a lien for the work performed * * *."

In this suit the plaintiff did not declare upon the written contract but instead alleged a cause of action in implied contract and sought judgment and decree of

foreclosure for the reasonable value of the work and materials he had furnished less the amount he had been paid. The defendants by affirmative answer and counterclaim alleged the existence of a written contract and breach thereof by the plaintiff.

In our former opinion as outlined above, we held that the construction contract alleged by the defendant church in its affirmative answer was a valid contract and that plaintiff had breached the contract by abandoning the job. It was, therefore, error for the trial court to seemingly disregard the mandate of this court on remand; to continue to treat this case as a suit in equity; and to again enter a decree upholding plaintiff's claim of lien and again granting a decree of foreclosure.

With respect to damages in the event of termination by the owner, the contract in this case provides for the measure of damages in part as follows:

"14.2.1   If the Contractor * * * is guilty of a substantial violation of a provision of the Contract Documents, then the Owner * * * may finish the Work * * *.

"14.2.2   If the unpaid balance of the Contract Sum exceeds the costs of finishing the Work, including compensation for the Architect's additional services, such excess shall be paid to the Contractor. *If such costs exceed such unpaid balance, the Contractor shall pay the difference to the Owner.* The costs incurred by the Owner as herein provided shall be certified by the Architect." (Emphasis supplied.)

We have previously construed the construction contract in this case to mean that the plaintiff bound himself to construct the church per the plans for a total cost not to exceed $144,000, the guaranteed maximum cost to be increased or decreased for changes in work. The contract also provided:

"6.2   * * * All savings made by the use of Volunteer Church Workers, trade discounts, changes in material specification, and lower bids by subcontractors will be deducted from contract maximum amount * * *."

This cause is reversed and remanded to the trial

court with instructions to determine damages, if any, to be awarded in this case in accordance with the measure of damages provided in the contract as set out above.

Reversed and remanded with instructions.