Argued April 17, affirmed June 18, 1979

GATES, *Respondent,*

*v.*

BOOTHBY, *Appellant.*

(No. A 7706 07949, CA 12201)

596 P2d 579

Robert L. McKee, Portland, argued the cause and filed the brief for appellant.

Brice L. Smith, Portland, waived appearance for respondent.

Before Schwab, Chief Judge, and Thornton and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Plaintiff sought to foreclose a $4,285 construction lien. Defendant alleged an affirmative defense that the building was never completed and a counterclaim that automobiles he stored in the building were damaged as a result of plaintiff's failure to install proper ventilation shafts and airways. The trial court decreed foreclosure, but deducted from the lien $750 for plaintiff's failure to complete the work and $500 on defendant's counterclaim. Defendant appeals.

■ ■ All but one of defendant's assignments of error concern purely factual matters: Did plaintiff perform services, or transport or furnish materials for which he was entitled to a lien under ORS 87.010(1)?[1] Did plaintiff, who had never actually seen the building, have sufficient personal knowledge to allow him to testify as to the reasonable value of the building, or at least to its reasonable value if completed in accordance with the plans?[2] Did the defendant agree to the performance of certain work in addition to that covered in the original written contract? Was plaintiff required under the agreement to provide certain disputed items? Was the agreed on work "substantially performed"?[3] On *de novo* review, we agree with the findings of the trial judge, who had the opportunity to see and hear the witnesses and to view the property in question.

---

[1] Defendant argued that another person, Haugen, was the real party in interest and that he could not maintain an action to foreclose a construction lien, because he was not licensed and bonded. ORS 701.065(1). That contention was prompted by Haugen's testimony that he was the "builder." Further examination revealed that in using the term "builder" Haugen meant only that he had been in charge of the actual construction at the site. He testified that he and his two helpers were all employees of plaintiff.

[2] Plaintiff also testified to the contract price, which according to him was the same as the reasonable value. There is no question that he was qualified to testify to the contract price.

[3] *See Pippy v. Winslow*, 62 Or 219, 125 P 298 (1912).

■ The remaining assignment of error asserts that

"[p]laintiff plead and attempted to prove reasonable value of services performed but created a lien for a contract price. Plaintiff's pleadings and proof do not conform with plaintiff's lien, therefore, plaintiff's suit to foreclose the lien recorded in Multnomah County *** has not been commenced ***."

Plaintiff alleged that

"[a]t the specific instance and request of defendant *** plaintiff did perform certain construction work and furnish materials of the reasonable value of $9,025.00."

The value pleaded was exactly the contract price as reflected in the recorded lien. Moreover, that the court awarded plaintiff the reasonable value of the services actually performed, rather than the unpaid portion of the contract price, was beneficial to defendant, not prejudicial. We find no reversible error.

Affirmed.