Argued and submitted June 11,
affirmed July 21, reconsideration denied September 11,
petition for review denied September 23, 1980 (289 Or 677)

# BETZ CONSTRUCTION, INC.
*Respondent-Cross-Appellant,*
*v.*
# PETERSON, et ux,
*Appellants-Cross-Respondents.*
### (No. 15544, CA 16286)
614 P2d 1184

J. Thomas Coats, The Dalles, argued the cause and filed the briefs for appellants-cross-respondents. With him on the briefs were John V. Kelly and Heisler, Van Valkenburgh & Coats, The Dalles.

Gary E. Lockwood, Hood River, argued the cause and filed the briefs for respondent-cross-appellant. With him on the briefs were Donald W. Hull and Annala, Carey & Hull, Hood River.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

The plaintiff brought a suit to foreclose a construction lien in the amount of $14,017. The lien was for labor and materials used in remodeling the defendants' residence. The trial court disallowed the lien and proceeded under ORS 87.060(2) and (3) to enter a personal judgment against the defendants for the sum of $8,687. Neither party was awarded attorney fees or costs.

The defendants have appealed, assigning as error the trial court's failure to award them attorney fees as the prevailing party under ORS 87.060(4).[1]

The plaintiff has cross-appealed, assigning as error the trial court's (1) failure to allow its lien and thereby awarding it attorney fees as the prevailing party; and (2) allowing the defendants the wrong per hour credit for indirect labor costs.

---

[1] ORS 87.060 reads in part as follows:

"(1) Suits to enforce the liens created by ORS 87.010 shall be brought in the circuit courts, and the pleadings, process, practice and other proceedings shall be the same as in other cases.

"(2) In suits to enforce the liens created by ORS 87.010, the court shall allow or disallow the lien. If the lien is allowed, the court shall proceed with the foreclosure of the lien and resolve all other pleaded issues. If the lien is disallowed, and a party has made a demand for a jury trial as provided for in subsection (3) of this section, the court shall empanel a jury to decide any issues triable of right by a jury. All other issues in the suit shall be tried by the court.

"(3) A party may demand a trial by jury of any issue triable of right by a jury after the lien is disallowed, if that party serves a demand therefor in writing upon the other parties at any time prior to commencement of the trial to foreclose the lien. The demand shall be filed with the court. The failure of a party to serve a demand as required by this rule shall constitute a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

"(4) When notice of intention to commence suit to foreclose the lien has been given, pleaded and proven as provided for in ORS 87.057, the court, upon entering judgment for the lien claimant, shall allow as part of the costs all moneys paid for the filing or recording of the lien. In suits to enforce a lien created by ORS 87.010 the court shall allow as a part of the costs a reasonable amount as attorney fees to the prevailing party, * * *."

We affirm.

We will consider the plaintiff's cross-appeal first. The trial court disallowed the lien for the following reasons:

> "The evidence in this case was * * * that plaintiff contractor included in his lien claim an unsegrable [sic], from the face of the lien claim, a non-lienable item, that is, a charge of $3.00 per hour for himself for the hours of his employees labor. The reason the Court calls this a non-lienable item is that under ORS 87.070 he is limited to 'only the amount due him according to the terms of his contract.' He agrees that the contract he made was cost plus 10% and 7% for profit and overhead. There was no meeting of the minds on the $3.00 per hour charge mentioned above. He attempted to show that the charge was not always as much as $3.00 per hour, but regardless, he made the claim for a substantial item not included in the contract."

*Hays v. Pigg,* 267 Or 143, 148, 515 P2d 924 (1973), provides:

> "The general rule has been that where unsegregated lienable and nonlienable charges are lumped together in the lien as one item so that extrinsic evidence is necessary to segregate them, the right to a lien is lost as to all such unsegregated items. *Smith v. Lichtenthaler,* 206 Or 584, 586, 294 P2d 334 (1956); *Anderson v. Chambliss,* 199 Or 400, 414, 262 P2d 298 (1953). The reason for the rule is stated in *Benj. Franklin S&L v. Hallmark,* 257 Or 436, 441, 479 P2d 740 (1971), to be the right of the owner to know from the face of the lien as filed, the amounts of valid claims which have become a charge upon his property so that he may, in advance of foreclosure, discharge the property from the encumbrance by rendering a payment without incurring the cost of litigation."

*See also Farmer's Feed v. Industrial Leasing,* 286 Or 311, 594 P2d 397 (1979).

■ We agree with the trial court that the $3.00 hourly charge made by the plaintiff was a nonlienable item which was not segregated and, therefore, the lien must fail.

■ ■ Under ORS 87.060(2) and (3), once the lien has been disallowed the case then continues as an action at law. This is a codification of the rule in *Ward v. Town Tavern,* 191 Or 1, 228 P2d 216 (1951), where it was held that when a lien failed the court should retain the case to determine any other well pleaded issues. A jury had not been requested in this case and the trial court proceeded to find that the plaintiff was entitled to recover from the defendants the sum of $8,687. This finding by the trial court is the equivalent of a jury verdict. The record provided shows that there was substantial evidence to support the trial court's finding as to the per hour credit given the defendants for indirect labor costs.

■ It is the defendants' position that since the lien failed they are entitled to $3,000 as reasonable attorney fees because they are the prevailing party.[2]

ORS 87.060(4) in part provides:

"In suits to enforce a lien created by ORS 87.010, the court shall allow as part of the costs a reasonable amount as attorney fees to the prevailing party, * * *."

In order to recover attorney fees the defendants must be entitled to costs as the prevailing party. This case concluded as an action at law. Costs in an action at law are not discretionary with the trial court but are controlled by statute. *Nob Hill Garage & Auto Co. v. Barde,* 69 Or 260, 138 P 836 (1914).

ORS 20.040 reads in part:

"Costs are allowed, of course, to plaintiff upon a judgment in favor of the plaintiff in:

---

[2] In support of their position the defendants argue that ORS 87.060 creates a two-step procedure. The first step is to either enforce the lien or disallow it. The second step is to resolve other well pleaded issues. They further argue they are entitled to attorney fees because they have successfully defended the first step. If this argument were correct, then both parties to a lien foreclosure suit could, under the right circumstances, recover costs. Costs cannot be divided or awarded to both parties. *Phipps v. Taylor,* 15 Or 484 (1887), *McDonald v. Evans,* 3 Or 474 (1869).

\* \* \*

"(5) An action not hereinbefore specified for the recovery of money or damages when the plaintiff shall recover $100 or more."

ORS 20.060 provides in part:

"Costs are allowed to the defendant in the actions mentioned in ORS 20.040, unless the plaintiff is entitled to costs therein, \* \* \*."

■ The defendants are not entitled to costs as the prevailing party and, therefore, cannot be allowed attorney fees.[3]

Affirmed.

---

[3] The only case dealing with ORS 87.060(4) that we have been able to find is *Cloyd v. McPherson,* 283 Or 137, 582 P2d 423 (1978). There the plaintiff had filed a suit to foreclose a lien for labor and materials used in the repair of defendant's house. On the day of the trial the defendant paid into court the sum of $200. The trial court disallowed the lien and gave the plaintiff a personal judgment for $200. The defendant was awarded the sum of $1,000 as attorney fees. The Supreme Court affirmed saying that although the tender did not comply with ORS 20.080 the defendant was not required under the facts of the case to do a "futile" act and that as the prevailing party under ORS 87.060(4) she was entitled to attorney fees.