Argued and submitted May 21,
reversed and remanded August 11, 1980

# WELCH, et al,
## *Respondents,*
### *v.*
# WEBB,
## *Appellant.*

(No. E78-1053, CA 15903)

615 P2d 391

William C. Wolke, Roseburg, argued the cause for appellant. With him on the brief was Luoma, Kelley & Wolke, Roseburg.

Jock G. McIntosh, Roseburg, argued the cause for respondents. With him on the brief was Heiling & McIntosh, Roseburg.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals from a decree ordering foreclosure of a construction lien contending that plaintiffs had breached the contract and, therefore, were not entitled to the lien.

We conclude that the remedy of a construction lien was not available to plaintiffs, but we remand to the trial court for further findings to determine the amount of compensation, if any, to which they are entitled.

Plaintiffs and defendant executed a contract on November 1, 1977, whereby plaintiffs were to perform work as a part of construction of a truck stop for $5300. The contract set out plaintiffs' duties as follows:

"(1)(a)   Install approximately 575 feet of 8 inch gravity sewer line.

"(b)   Install one manhole and approximately forty feet of 6 inch gravity sewer service connection.

"(c)   Perform all backfill work required.

"(d)   Do all work as directed and in accordance with the plans of Engineer William Barnes.

"(e)   Perform all construction and testing in compliance with the attached specifications marked Exhibit 'B'.

"(f)   To remove and dispose of all materials as directed by Engineer.

"(g)   To dig, remove and dispose of all materials for three 12,000 gallon fuel tanks, two 8,000 gallon fuel tanks and three 1,000 gallon fuel tanks as directed by Gordon Olson and later to set all tanks into the holes so dug as directed by Olson;
"* * * * *

"(4)   Contractor also agrees to raise two existing manholes to a height not to exceed twenty-four inches as directed by the Engineer."

The contract further provided that plaintiffs would fully complete performance within 30 days from the execution for the agreement.

[773]

At the conclusion of the 30 days, plaintiffs had yet to lay approximately 150 feet of the eight-inch sewer line, 30 feet of the six-inch line, install one manhole, raise the two other manholes and do all testing. Defendant sent a letter to plaintiffs dated December 3, advising plaintiffs that the time for plaintiffs to perform had expired and giving them formal notice that they were not to do any more work at the site. On December 20, plaintiffs' attorney responded stating that plaintiffs "accepts your termination of the contract" and demanding payment of $5067.50 for partial performance of the contract.

Defendant refused plaintiffs' demand. Plaintiffs then filed a construction lien against defendant's property for $2489.50 for work done under the contract plus extra work done at defendant's request. Defendant deposited $3734.25 with the Douglas County Treasurer in anticipation of suit. In due course plaintiffs filed this suit to foreclose their lien.[1]

The trial court concluded that defendant had wrongfully terminated the contracted work. It decreed that plaintiffs were entitled to judgment of $2473.50, and awarded plaintiffs costs, including attorneys' fees. It allowed plaintiffs' lien.

Our review of the record persuades us that the December 1 deadline was intended to be a definite termination date and that plaintiffs' nonchalance regarding the work was responsible for the failure to complete the job on time. Plaintiffs had not been diligent and did not appear on the job site after November 18.

The work remaining to be completed, listed above, was not inconsiderable, and plaintiffs' wrongful

---

[1] Plaintiffs had subcontracted out the larger part of the contract to R. N. Thomas & Sons Construction, Inc. Plaintiffs had agreed to pay Thomas $3300 for that work. Thomas completed its share of the work, filed a separate construction lien for $3300, and received judgment for the amount of its lien. Thus, this suit involves plaintiffs' claim only for work they themselves did.

[774]

failure to complete the project on time amounted to a failure to substantially perform the contract.

■■    A construction lien may not be had by one who has failed to substantially perform his part of a contract. *Devlin v. Milwaukie Covenant Church,* 276 Or 1207, 557 P2d 647 (1976), *Pippy v. Winslow,* 62 Or 219, 125 P 298 (1912), *Gates v. Boothby,* 40 Or App 671, 596 P2d 579 (1979). Therefore, the trial court erred in awarding plaintiffs a lien on the monies defendant had filed with the county treasurer.[2]

■■    A breaching plaintiff is not entirely without remedy, however. He may recover the reasonable value of his work to the extent that it has benefited the defendant. As an offset against this, the defendant may counterclaim for any damages suffered as a result of the breach. The rule is stated in Restatement of Contracts, § 357(1) (1932):

"(1)   Where the defendant fails or refuses to perform his contract and is justified therein by the plaintiff's own breach of duty or non-performance of a condition, but the plaintiff has rendered a part performance under the contract that is a net benefit to the defendant, the plaintiff can get judgment,* * * for the amount of such benefit in excess of the harm that he has caused to the defendant by his own breach, in no case exceeding a ratable proportion of the agreed compensation, if
"(a)   the plaintiff's breach of non-performance is not wilful and deliberate; or
"(b)   the defendant, with knowledge that the plaintiff's breach of duty or non-performance of condition has occurred* * * accepts the benefit of [the part performance]* * *.

*See Trachsel v. Barney,* 264 Or 29, 34, 503 P2d 696 (1972).

■    The trial court has already made findings as to the reasonable value of the work done by plaintiffs.

---

[2] ORS 87.083 provides that if money is deposited with a recording officer of the county where the claim for lien is filed, the lien shall attach to the money so deposited and not against the land.

Defendant counterclaimed for the costs incurred in completing the work plaintiffs had started. Defendant had presented evidence of those costs. We therefore remand the matter to the trial court to make findings regarding the extent to which plaintiffs' work benefited defendant and the amount, if any, of defendant's offsetting damages.[3] *See Midwest Fabrication v. Woodex, Inc.,* 40 Or App 675, 596 P2d 581 (1979).

■ This matter, begun as a suit to foreclose a lien, has become an action at law. Therefore, neither party is entitled to attorneys' fees pursuant to ORS 87.060(4). *Betz Construction v. Peterson,* 47 Or App 333, 614 P2d 1184 (1980).

Reversed and remanded.

---

[3] This case, brought as a suit in equity, has become an action at law for quantum meruit. Neither party had requested a jury trial prior to the commencement of the suit in the event there were issues triable of right by jury. Therefore, we need not remand for a full trial by jury, but simply remand to the trial court to make findings based on the evidence. ORS 87.060(3).