McDONALD et ux,
*Respondents,*

*v.*

McFADDEN et ux,
*Appellants,*

(581-CIV-46; CA A25379)

665 P2d 1255

James G. Kincaid, Redmond, argued the cause for appellant. With him on the brief was Rakestraw, Kincaid & Chandler, Redmond.

J. C. Van Voorhees, Prineville, argued the cause for respondent. With him on the brief was Minturn, Van Voorhess, Larson & Dixon, Prineville.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs brought this action for a money judgment and for foreclosure of an agricultural services lien in the amount of $1,210 for pasturing cattle on plaintiffs' land. The trial court awarded judgment in the amount of $1,051.12, which included an offset for a previous payment by defendants in the amount of $148.88, allowed the lien and awarded judgment in favor of plaintiffs for any deficiency remaining in the event that the proceeds from the sale of the cattle did not satisfy plaintiffs' judgment. Defendants McFadden appeal. We affirm in part and reverse in part.

■        Defendants have asserted several arguments in support of their contention that the lien is invalid. Because we hold that it is invalid for want of an adequate and correct description of the chattels, we need not reach defendants' other contentions.

The description of the chattel in the lien was as follows:

"* * * 24 mixed Hereford and Angus cows branded crop right ear, split left ear with calves, lately pastured on claimants' ranch in Powell Butte, Crook County, Oregon."

The unrefuted evidence is that the only "crop right ear, split left ear" cattle on plaintiffs' property were cattle that belonged to plaintiffs. The gross error in the description of the cattle made it virtually impossible for anyone to determine what cattle were claimed to be subject to the lien. The description of the cattle in the lien was clearly not "sufficient for identification" within the meaning of ORS 87.242(2)(d).[1] Accordingly, we conclude that the lien was invalid and reverse that portion of the judgment.

Because plaintiffs did not ultimately prevail on the lien, they are not entitled to attorney fees under ORS

---

[1] ORS 87.242(2)(d) provides:

"(2) The notice of claim of lien required under subsection (1) of this section shall be a statement in writing verified by the oath of the lien claimant and must contain:

"* * * * *

"(d) A description of the chattel to be charged with the lien sufficient for identification."

87.060(4). Therefore, their judgment for attorney fees is also reversed.

However, disallowing the lien does not, as defendants contend, terminate the case. Agricultural service liens are foreclosed pursuant to ORS 87.262[2] and are governed by the provisions of ORS ch 88. ORS 88.010 provides:

> "Except as otherwise provided by law, a lien upon real or personal property, other than that of a judgment or decree, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby by a suit. Except as provided in ORS 88.070, in addition to the decree of foreclosure and sale, if a promissory note or other personal obligation for the payment of the debt has been given by the lien debtor or any other person as principal or otherwise, the court also shall decree a recovery of the amount of the debt against such person or persons, as the case may be, as in the case of an ordinary decree for the recovery of money. The provisions of this chapter as to liens upon personal property are not intended to exclude a person having such lien from any other remedy or right in regard to such property."

Under that statute, once a lien has been disallowed the case continues as an action at law for the underlying debt. *Betz Construction v. Peterson,* 47 Or App 333, 614 P2d 1184, *rev den* 289 Or 677 (1980). The record contains all of the evidence relevant to a determination of the existence of the underlying debt, and the trial court specifically found that plaintiffs were entitled to be paid the agreed price for wintering the cattle. That price was two cattle units, each consisting of one cow and a calf with an agreed worth of $600. The trial court further found that defendants were entitled to an offset in the amount of $148.88, resulting in a net judgment in favor of plaintiffs in the amount of $1,051.12, together with interest thereon at the rate of 9 percent per annum from March 26, 1981, until date of judgment. There was substantial evidence

---

[2] ORS 87.262 provides:

"Except as provided in ORS 87.322, a lien created by ORS 87.216 to 87.232 may be foreclosed by a suit in the circuit or district court under ORS chapter 88 and other laws regulating the proceedings for the foreclosure of liens generally or may be foreclosed as provided in ORS 87.272 to 87.306. If the lien has attached to proceeds under ORS 87.236, the lien must be foreclosed by suit."

to support those findings. We affirm the portion of the judgment in favor of plaintiffs for money, together with costs and disbursements necessarily incurred in obtaining the judgment on the underlying debt.

Affirmed in part; reversed in part, and remanded for entry of new judgment not inconsistent with this opinion.