Argued and submitted July 13, reversed and remanded with instructions
October 24, 1984

**B & D INVESTMENT CORPORATION,**
*Respondent - Cross-Appellant,*

*v.*

**PETTICORD et al,**
*Appellants - Cross-Respondents,*

**PIONEER NATIONAL TITLE
INSURANCE COMPANY et al,**
*Appellants.*

(77-6-414; CA A30091)

689 P2d 1052

John M. Berman, Portland, argued the cause for appellants - cross-respondents. With him on the briefs was Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

John M. Berman, Portland, argued the cause for appellant. With him on the briefs was Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Elizabeth Yeats, Portland, argued the cause for respondent - cross-appellant. With her on the briefs was Kobin & Meyer, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This case is before us for the third time. In *B & D Investment v. Petticord,* 48 Or App 345, 617 P2d 276, *rev den* 290 Or 302 (1980), and *B & D Investment Corp. v. Petticord,* 61 Or App 585, 659 P2d 400, *rev den* 294 Or 792 (1983),[1] we reversed and remanded, *inter alia,* for the trial court to award plaintiff appropriate quantum meruit damages, if any. Defendants Petticord appeal from the trial court's award of quantum meruit damages on the more recent remand; defendants Pioneer National Title Insurance Company (Pioneer) and First National Bank (Bank) appeal from the court's denial of their claim for attorney fees; and plaintiff cross-appeals from the denial of its claimed attorney fees.[2] We must reverse and remand again on the issue of damages. We affirm in other respects.

We instructed the trial court on our second remand to make findings that would determine whether plaintiff's damages were properly measured in accordance with the formula the court applied at the second trial or should be measured in accordance with the formula of Restatement of Contracts, § 357(1) (1932), that we held in *Welch v. Webb,* 47 Or App 771, 615 P2d 391 (1980), is applicable in some situations when a plaintiff seeking quantum meruit damages has breached the parties' contract. The trial court then made findings from which it necessarily followed that the latter formula is applicable here. However, the court awarded exactly the same amount of quantum meruit damages it had at the previous trial, where it used the different formula. The trial judge stated in his findings:

> "The net benefit to defendants Petticord by reason of plaintiff's work and material is in the sum of $40,373.22, representing the reasonable value of the work and materials furnished but not including $21,677.84 additional cost incurred directly as a result of plaintiff's breach in changing plans without authorization. Defendant Petticord has paid plaintiff $19,936.96."

In effect, the trial court computed damages—as it did

---

[1] The facts are set forth in our earlier opinions, and restating them would serve no purpose.

[2] Unless otherwise specified, the term "defendants" in this opinion refers to the Petticords.

at the earlier trial—by subtracting amounts paid and amounts in excess of those authorized by the parties' contract from the value of the services and materials. *See* 61 Or App at 588. The court labeled the result of that calculation as the "net benefit to defendants," but the label is incorrect as a matter of law. The proper *starting* point in the computation of any damages to which plaintiff may be entitled is to determine the net benefit to defendants from plaintiff's part performance. The reasonable value of plaintiff's services and materials does not necessarily correspond to the benefit received by defendant. *See City of Portland v. Hoffman Const. Co.,* 286 Or 789, 596 P2d 1305 (1979); *Welch v. Webb, supra,* 47 Or App at 775-76. After the amount of the net benefit to defendant has been determined, the harm caused by plaintiff's breach should be subtracted from that amount. The cost of completion is an element of the harm.[3] The amount defendants have paid plaintiff should be subtracted from any amount remaining after the foregoing computation is performed.[4]

Pioneer and the Bank appeal from the trial court's denial of attorney fees that they contend they are entitled to recover as the prevailing parties in plaintiff's underlying lien foreclosure action. Our remand in our second opinion in this case required the trial court to conduct further proceedings on Pioneer's and the Bank's claim for attorney fees. *See* 61 Or App at 593-94. We conclude from the record on remand that the trial court denied their claim because it found in accordance with plaintiff's objection that Pioneer and the Bank were

---

[3] The trial court found:

"The evidence fails to prove that the additional cost of completing the house over and above the contract price was caused by the plaintiff's breach. That is mere speculation."

We cannot tell from that finding whether the trial judge considered that defendants' evidence was insufficient to prove completion costs, or whether the court did not find in accordance with defendants' evidence or whether, for some unspecified reason, the court regarded the proven costs to be legally unavailable as an offset. The finding should be clarified on remand. We do not agree that the evidence was insufficient, if that was the intended meaning of the finding.

[4] We said in *B & D Investment v. Petticord, supra,* 48 Or App at 347, that plaintiff completed approximately 25 percent of its required performance under the contract. The contract price was $132,900. Under the "ratable proportion of the agreed compensation" limitation of section 357(1), plaintiff's recovery may not exceed 25 percent of the contract price, less amounts defendants have already paid. *See* comment *g* to section 357. We do not suggest that that ceiling on plaintiff's damages will become relevant in the calculation of the award, given the other evidence in the record.

represented by the same attorney as the Petticords and that they "incurred no legal fees." The court acted within its discretion by concluding that the amount of Pioneer's and the Bank's reasonable attorney fees was zero.

Plaintiff's cross-appeal from the denial of its claim for attorney fees is rendered premature by our disposition of defendants' appeal, because it remains uncertain whether plaintiff is the prevailing party. We nevertheless choose to address the merits of the cross-appeal, in the hope of aborting some further use of the trial court's resources and a further appeal in this already extravagantly litigated case. Plaintiff argues that, although it did not prevail on its lien foreclosure claim and is therefore not entitled to statutory attorney fees, the contract between plaintiff and defendants provides for attorney fees and plaintiff's complaint was predicated in part

"* * * on the theory that it was entitled to recover against Petticords in quantum meruit because Petticords wrongfully terminated the contract. A quantum meruit claim in such circumstances is treated as 'arising out of the contract' for purposes of an attorney fee award. * * *"

■■ Plaintiff relies on *American Petrofina v. D & L Oil Supply,* 283 Or 183, 583 P2d 521 (1978). The court held there that, where a plaintiff seeks recovery on alternative contract and quasi-contract theories and the defendant "prevails" on the contract theory but the plaintiff is awarded quantum meruit damages, the defendant is not entitled to attorney fees under a contractual provision for their recovery by the prevailing party in litigation arising out of the contract. Assuming that plaintiff is correct in its extrapolation that the plaintiff in *American Petrofina* would have been entitled to attorney fees, plaintiff is not aided. This is not an action on a contract that provides for attorney fees; it is an action that was brought to foreclose a lien, and any right to quantum meruit damages plaintiff might ultimately enjoy is ancillary to the denial of foreclosure and does not arise from the contract. Quantum meruit damages awarded after the disallowance of a lien do not give rise to an award of statutory attorney fees under *former* ORS 87.060(4). *Betz Construction v. Peterson,* 47 Or App 333, 614 P2d 1184, *rev den* 289 Or 677 (1980). Plaintiff cannot avoid that consequence by recharacterizing this proceeding as a contract action.

We reverse and remand *only* on the issue of plaintiff's quantum meruit damages. Although the trial court has discretion over the nature of the proceedings to be conducted on remand, we emphasize that nothing in this opinion is meant to imply that we consider a further evidentiary hearing to be necessary. The parties have had an ample opportunity to present their cases, and nothing we have said here calls for the proof of any facts that did not have to be established in one or more of the earlier trials.

Reversed and remanded for further proceedings not inconsistent with this opinion on the issue of plaintiff's damages; otherwise affirmed.