Argued and submitted July 16, affirmed October 29, 1986

GOURLEY,
*Respondent,*

*v.*

TOWERY,
*Appellant.*

TOWERY,
*Appellant,*

TOWERY INDUSTRIES, INC.,
*Cross-Complainant,*

*v.*

GOURLEY et al,
*Respondents,*

KEY TITLE COMPANY,
*Intervenor.*

(118,488; CA A36238)

727 P2d 144

Jan Peter Londahl, Portland, argued the cause and filed the briefs for appellant.

Bert E. Joachims, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action to foreclose a lien for labor and materials and to recover *quantum meruit* damages. Defendants filed a counterclaim against plaintiff and a cross-complaint against four cross-defendants, alleging waste and other torts. The trial court denied foreclosure but awarded *plaintiff quantum meruit* damages *against defendants* and awarded damages on defendants' waste claim *from cross-defendants to cross-complainants.* Defendants' damages exceeded the *quantum meruit* award by $81.45. The relevant language of the judgment is reproduced in the margin.[1]

Defendants moved for an award of attorney fees pursuant to ORS 87.060(5) or, alternatively, *former* ORS 87.060(4), asserting that they had prevailed on plaintiff's foreclosure claim and had obtained a net judgment against plaintiff on the legal claims. The trial court ruled, without explanation, "that neither party is entitled to an award of attorney fees." Defendant Marion Towery appeals from the order denying attorney fees. We affirm.

Assuming the correctness of the legal contention on which defendants base their claim for attorney fees from plaintiff, *see R & R Excavating Co., Inc. v. Olive Tree Homes,* 62 Or App 406, 660 P2d 1092 (1983), the judgment on the merits which defendants' trial counsel[2] submitted and which

---

[1] The judgment states:

"* * * It is therefore

"ORDERED AND ADJUDGED that Cross-Complainants recover from and have judgment against Cross-Defendants for the sum of $11,233.45, and it is

"FURTHER ORDERED AND ADJUDGED that Plaintiff recover from and have judgment against Defendants for the sum of $11,152.00, and it is

"FURTHER ORDERED AND ADJUDGED that the above judgment in favor of Plaintiff be set off against the above judgment in favor of Cross-Complainants, entitling Cross-Complainants to recover from and have judgment against Cross-Defendants in the net amount of $81.45, plus statutory interest from _____, 1984, until paid, and it is

"FURTHER ORDERED AND ADJUDGED that Defendants recover from Plaintiffs their attorney fees and from Plaintiffs and Cross-Defendants their costs and disbursements of $_____."

The court denied attorney fees in a post-judgment proceeding under ORCP 68.

[2] Defendants' attorney on appeal was not among the attorneys who represented them at trial.

the trial judge signed did not accomplish the condition precedent to the implementation of the legal theory; it did not make defendants prevailing parties as to plaintiff. As defendants acknowledge, attorney fees under either the present or former versions of ORS 87.060 are not recoverable against cross-defendants, but are awardable if at all only against plaintiff, the lien claimant. *See Parsons v. Henry,* 65 Or App 627, 633-34, 672 P2d 717 (1983), *rev den* 297 Or 82 (1984), and cases there cited. However, the judgment awarded defendants nothing against plaintiff. The award in their favor is solely against the cross-defendants. Although defendants' waste claim against cross-defendants was also asserted jointly as a counterclaim against plaintiff, plaintiff was not in fact a cross-defendant and was not so denominated in the pleadings.

We have the authority and, perhaps, the obligation to construe an ambiguous judgment in the light of the record to give effect to the trial court's intent. Correspondingly, we have no authority to construe an unambiguous judgment. *Cross and Cross,* 55 Or App 422, 637 P2d 1386 (1981). The judgment here is not ambiguous. Clear as it may be what defendants *meant* to say in the judgment they submitted to the trial court, it is equally clear that they did not say it. Defendants are not prevailing parties against plaintiff, and are therefore not entitled to attorney fees from him.

Affirmed.