Argued and submitted July 18, 1986, reversed on appeal and affirmed on cross-appeal
March 25, 1987

SUNSET INDUSTRIES, INC.,
dba All Seasons Structures,
*Respondent - Cross-Appellant,*

*v.*

BARTEL,
*Appellant - Cross-Respondent.*

(22-668; CA A37034)

734 P2d 897

Lee A. Hansen, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Brown & Hansen, Portland.

John W. Stewart, Salem, argued the cause and filed the briefs for respondent - cross-appellant.

Before Richardson, Presiding Judge, and Warren and Deits, Judges.

DEITS, J.

**DEITS, J.**

Plaintiff filed this action to foreclose a construction lien for $5,350, the amount allegedly owed on plaintiff's construction contract with defendant. Defendant counterclaimed for damages for breach of the contract. The trial court found that the lien was untimely but awarded plaintiff the amount of its prayer on the basis of *quantum meruit.* The court also awarded defendant $2,472 on her counterclaim and attorneys' fees for defense of the lien claim. Defendant appeals, and plaintiff cross-appeals. We reverse on appeal and affirm on cross-appeal.

This action arose out of plaintiff's construction of a greenhouse addition to defendant's home. The construction work included concrete foundations, a slab floor, deck, patio and retaining wall. There were major problems, including leaks which caused damage, improper drainage, improper preparation of the patio fill and an unsightly retaining wall. Defendant eventually fired plaintiff when the work was about 90 percent completed.

On appeal, defendant assigns as error the award based on *quantum meruit.* Defendant argues that plaintiff did not plead *quantum meruit* and that there was no evidence as to the reasonable value of plaintiff's services. We agree that the award was erroneous.

Plaintiff concedes that *quantum meruit* was not raised by its pleadings but argues that the issue was properly raised in its trial memorandum, in which it was asserted that if the lien was untimely, the trial should "proceed" on the basis of *quantum meruit.* Plaintiff contends that, because defendant did not object to the argument in the trial memorandum, the pleadings are presumed amended under ORCP 23B, which reads, in part:

> "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

Plaintiff's reliance on ORCP 23B is misplaced. Its memorandum was filed the day after trial. By its own admission there was no evidence at trial on which the court could determine

the reasonable value of the labor or the extent to which defendant had benefited.[1] *Quantum meruit* was not tried, explicitly or implicitly.

■     Plaintiff argues that, even if the lien was not timely, the trial court could continue to try the claim as an action at law on all other well pleaded issues. ORS 87.060(3); *see Betz Construction v. Peterson,* 47 Or App 333, 337, 614 P2d 1184, *rev den* 289 Or 677 (1980). Plaintiff's statement of the law is correct, but it does not apply in this case, because the *quantum meruit* claim was not pled and plaintiff did not seek to amend its pleadings either before or after trial. Its failure to plead or prove *quantum meruit* precluded a judgment on that basis.[2]

■     On cross-appeal, plaintiff claims that the lien was timely filed. At the time the action was filed, ORS 87.035(1) provided, in part:

> "Every person claiming a lien under ORS 87.010(1) or (2) shall file the claim not later than 90 days after he has ceased to provide labor, rent equipment or furnish materials or 60 days after completion of construction, whichever is earlier."

The trial court found that the lien was not filed within 60 days, and plaintiff does not challenge that finding. It argues instead that the 90-day limit is applicable. However, it did not raise that issue at trial by its pleadings or its evidence. We will not consider it on appeal. *Leiser v. Sparkman,* 281 Or 119, 573 P2d 1247 (1978).

■     Plaintiff also challenges the award of attorney fees to defendant, arguing that under the 1981 version of ORS 87.060(4) the award of damages on the *quantum meruit* claim makes plaintiff the prevailing party entitled to attorney fees. Our reversal of the *quantum meruit* award removes any argument that defendant did not prevail. The award of attorney fees was proper.

     Reversed on appeal; affirmed on cross-appeal.[3]

---

[1] Plaintiff's concession renders defendant's second and third assignments of error moot.

[2] Because of our determination, we do not consider plaintiff's assignment of error on cross-appeal that the court erred in not awarding interest on the *quantum meruit* award.

[3] Defendant argues that she should have been awarded all of her claimed damages on her counterclaim. Our review of that claim is of an action at law, and there is evidence to support the award given by the trial judge.