Argued and submitted June 2, 1986, affirmed July 22, reconsideration denied September 25, petition for review denied October 27, 1987 (304 Or 280)

# DeWITT-ERICKSON CONSTRUCTION, INC., *Respondent,*

## *v.*

# MORAN CONSTRUCTION CO., *Appellant.*

## (A8204-02630; CA A36199)

739 P2d 1071

James N. Westwood, Portland, argued the cause for appellant. With him on the briefs were John F. Purcell and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Paul H. Krueger, Salem, argued the cause for respondent. With him on the brief was Clark, Marsh, Lindauer & McClinton, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Moran Construction Co. (defendant) appeals from a judgment for plaintiff in an action for breach of a construction contract and for the foreclosure of a construction lien. The breach of contract claim was tried to a jury and the lien claim was simultaneously tried to the court. The controlling issue in both claims is whether plaintiff substantially performed its contract with defendant. The jury returned a verdict for plaintiff on the contract claim, but the court disallowed the lien claim. Judgment was entered on the verdict. Plaintiff was awarded attorney fees for prevailing on the contract claim, and defendant was awarded attorney fees for prevailing on the lien claim.[1] On appeal, defendant asserts that the court's finding that plaintiff did not substantially perform was the law of the case and that the court therefore erred in giving effect to the jury's verdict to the contrary. We affirm.

Defendant was the general contractor on a project to expand Freightliner Corporation's headquarters building on Swan Island in Portland. It contracted with plaintiff to install piling for the foundation. Defendant later became concerned that several auger cast piles might be defective. After having them tested, defendant refused to accept three piles and charged plaintiff with the cost of testing and replacement. It also charged plaintiff for an amount which it claimed that plaintiff owed it on another job. Plaintiff seeks to recover the unpaid amounts in this action. Plaintiff and defendant stipulated that the claims should be tried together. The jury returned a verdict for $19,176.70 in plaintiff's favor. The court then disallowed the lien, because it found that plaintiff had not substantially performed.[2]

■ Defendant bases its primary argument on ORS 87.060(3):

"In suits to enforce the liens created by ORS 87.010, the court shall allow or disallow the lien. If the lien is allowed, the court shall proceed with the foreclosure of the lien and resolve all other pleaded issues. If the lien is disallowed, and a party

---

[1] The attorney fees award to plaintiff is based on a provision of the contract; the award to defendant is based on ORS 87.060(5).

[2] Plaintiff followed the proper procedures in filing the lien and seeking to foreclose; failure to perform was the only possible ground for invalidating the lien.

has made a demand for a jury trial as provided for in subsection (4) of this section, the court shall empanel a jury to decide any issues triable of right by a jury. All other issues in the suit shall be tried by the court."

Defendant argues that the trial court was required to decide the validity of the lien before there could be any issues for the jury to consider; the court's finding of a material failure to perform, therefore, was the law of the case and the jury's verdict was, at most, advisory. Defendant emphasizes that the statute does not provide any right to a jury determination in a lien foreclosure action, unless the court first disallows the lien. For example, if a lien is invalid because of a failure of substantial performance, the same failure necessarily breaches the contract, and the lienor is left to a *quantum meruit* recovery, if any. *Welch v. Webb,* 47 Or App 771, 776, 615 P2d 391 (1980).

If plaintiff had sought only to foreclose a lien, defendant's arguments might be well taken. However, plaintiff's complaint was not limited to that claim; it included a separate claim for damages for breach of the contract. Plaintiff could have brought the contract claim independently of the lien foreclosure; if it had, the jury verdict would be conclusive. ORS 87.060(3) governs the procedure in an equitable action to foreclose a lien; it is irrelevant to a legal action for breach of contract. The statute provides a remedy to a party which is unable to prove the validity of a lien, often because of a technical failure which does not affect the underlying claim. It codifies a judicially created rule which originated at a time when a plaintiff could not combine an equitable lien claim with a legal contract claim in the same action.[3] Under the

---

[3] In *Ward v. Town Tavern et al.,* 191 Or 1, 228 P2d 216 (1951), the court held that, after a lien failed, the allegations of the complaint relating to the lien should be considered surplusage and the case should continue as an action at law rather than as a suit in equity. At the time of the decision, it was not possible in Oregon to combine legal and equitable claims in one case, and the rule of *Town Tavern* thus provided flexibility. The 1975 Legislature, which codified that rule in ORS 87.060(3), also amended *former* ORS 16.220 to allow the joinder of related equitable and legal claims in the same action. Or Laws 1975, ch 158, § 1. There is no indication that it considered the effect of the change on the rule of *Town Tavern.* It remained common thereafter for a plaintiff to state only a lien foreclosure claim, relying on ORS 87.060(3) for recovery if the lien failed. *See, e.g., Austin v. Carver,* 85 Or App 529, 737 P2d 639 (1987); *Welch v. Webb, supra; Betz Construction v. Peterson,* 47 Or App 333, 614 P2d 1184, *rev den* 289 Or 677 (1980). This is the first case in which a plaintiff's decision to plead separately lien foreclosure and breach of contract claims makes a difference to our decision.

statute, a party whose lien fails may fall back on a contract or *quantum meruit* claim if the facts pleaded will support it. The party does not need to plead a separate claim; it is subsumed under the action to foreclose the lien.

■      By pleading a separate claim for breach of contract and agreeing to try the claims together, plaintiff took itself out of ORS 87.060(3) on the legal issues. Its right to a jury trial did not arise from failure of the lien, but from the independent contractual claim. In its verdict, the jury resolved the contract action. That verdict established defendant's personal liability. When the trial court found, contrary to the verdict, that plaintiff had not substantially performed, the only effect of its finding was to disallow the lien. The court properly entered judgment on the verdict.[4]

    Affirmed.

---

[4] The contract claim presented the major issues in the case; the issues in the lien foreclosure were subsidiary to it. The court therefore acted within its discretion in awarding greater attorney fees to plaintiff for prevailing on the contract claim than it awarded to defendant for prevailing on the lien foreclosure.