Argued and submitted May 24, affirmed July 19, 1989

BECERRIL,
*Respondent,*

*v.*

HAKANSON et al,
*Appellants.*

(87-CV-0948; CA A49664)

776 P2d 1306

Roger Gould, Coos Bay, argued the cause for appellants. With him on the brief was Joelson, Gould, Wilgers and Dorsey, P.C., Coos Bay.

Cameron Thom and Thom, Gant & Whitty, Coos Bay, filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

In this action to foreclose a construction lien and to recover damages for breach of contract, defendants appeal from a judgment awarding damages to plaintiff. We affirm.

Plaintiff, a building contractor, and defendants were parties to a contract under which defendants employed plaintiff to construct a residence. When the residence was 75 percent complete, a meeting took place between plaintiff and one of the defendants. At the conclusion of the meeting, plaintiff considered himself "terminated." Plaintiff recorded a construction lien and later commenced this action.

The complaint contained two claims for relief. In the first claim, plaintiff sought to foreclose a construction lien. In the second claim, he alleged that he had suffered lost "earnings from labor and construction profit" caused by defendants' wrongful breach of the contract. Defendants affirmatively alleged that plaintiff's lien contained non-lienable items and also counterclaimed for damages, alleging that plaintiff had abandoned the contract and had performed in an unworkmanlike manner. Defendants requested a jury trial on their counterclaim. The trial court ordered that the jury hear all of the claims and render an advisory verdict on the validity of the lien. *See* ORCP 51D. The jury awarded plaintiff damages on both claims and found against defendants on their counterclaim. After the verdict, the trial court disallowed plaintiff's lien but ruled that plaintiff was entitled to damages under both claims.

On appeal, defendants contend that the trial court erred in entering a judgment that awarded plaintiff damages under his first claim.[1] They concede that a plaintiff whose lien

---

[1] We understand defendants' assignment of error to be that the trial court erred as a matter of law by entering judgment on the first claim. When the court disallowed the lien, but then entered judgment in plaintiff's favor, it necessarily made the jury's determination its own as to the amount of damages. We review for any evidence to support the trial court's judgment.

ORS 87.060(3) provides:

"In a suit to enforce a lien perfected under ORS 87.035, the court shall allow or disallow the lien. If the lien is allowed, the court shall proceed with the foreclosure of the lien and resolve all other pleaded issues. If the lien is disallowed, and a party has made a demand for a jury trial as provided for in subsection (4) of this section, the court shall empanel a jury to decide any issues triable of right by a jury. All other issues in the suit shall be tried by the court."

Defendants made no demand for a jury trial on plaintiff's first claim and do not assign error to the procedure that the trial court used.

fails may recover damages under ORS 87.060(3) without pleading a separate claim. *See DeWitt-Erickson Const., Inc. v. Moran Const. Co.*, 86 Or App 474, 477-78, 739 P2d 1071, *rev den* 304 Or 280 (1987). However, they argue that plaintiff's two claims are alternative theories of recovery for the same damages, and that recovery cannot be had under both.[2]

We disagree. Plaintiff's two claims were pled and presented to the jury as claims for different damages, rather than as alternative claims for the same damages. The first claim sought damages for material and labor provided by plaintiff to defendants; the second claim sought damages for lost profits caused by the wrongful breach of the contract. Although plaintiff's testimony at trial indicated that some items of damage may have been included in both claims, the verdict and judgment are consistent with that testimony.[3] Further, if defendants wanted to object to any pleading defects, they should have done so in the trial court. They did not.[4]

Affirmed.

---

[2] Citing *DeWitt-Erickson Const., Inc. v. Moran Const. Co., supra,* defendants also contend that *regardless* of whether the claims are alternative or separate, plaintiff's recovery is limited to damages on the breach of contract claim, because the trial court disallowed the lien. *DeWitt-Erickson* is inapposite. It holds that a plaintiff who pleads a breach of contract claim as well as a lien claim and agrees to try them together has a right to a jury trial arising from the independent contractual claim.

[3] Although plaintiff's testimony is confusing, apparently up to $3,000 in damages may have been duplicated in both claims. However, plaintiff recovered approximately $6,000 less than sought in his complaint. The jury, and the trial court, could have made an appropriate deduction in calculating the damage award.

[4] On appeal, defendants make arguments not made in the trial court in support of their general contention that plaintiff cannot recover under his first claim. No claim of error was preserved.