Argued and submitted June 4, affirmed September 26, 1984

BEAVER STATE SCAFFOLDING-EQUIP. CO., INC.,
*Respondent,*

*v.*

TAYLOR et al,
*Respondents,*
SWINDELLS,
*Appellant.*

(A8306-04036; CA A30463)

688 P2d 417

Barry L. Adamson, Portland, argued the cause for appellant. With him on the briefs was Williams, Fredrickson, Stark, Hiefield, Norville & Weisensee, P.C., Portland.

John M. Keller, Portland, argued the cause for respondent Beaver State Scaffolding-Equip. Co., Inc. With him on the brief was Keller & Keller, Portland.

David R. Nepom, Portland, waived appearance for respondents Thomas D. Taylor and Donald Heineman dba Tay-He Developers.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a construction lien foreclosure action. Defendant appeals from the denial of her claim for attorney fees, costs and disbursements. The dispositive issue is whether defendant is a prevailing party within the meaning of *former* ORS 87.060(4). We conclude that she is not and, therefore, affirm.

Plaintiff, a subcontractor, performed work on defendant's property. It sought judgment against the general contractor as well as a decree foreclosing its lien on a sum of money that had been deposited by defendant with the county treasurer pursuant to ORS 87.076(2)(a). ORS 87.083. Defendant moved for summary judgment. In her affidavit, she disclaimed any interest in the deposited money. She contended that, because she had no interest in the money and because plaintiff could not obtain any affirmative relief against her, she should prevail as a matter of law. The trial court agreed. Defendant then claimed attorney fees, costs and disbursements. *Former* ORS 87.060(4). Plaintiff objected. It contended that defendant was not a "prevailing party." The trial court denied defendant's motion on the ground that litigation was pending between plaintiff and the other defendants.

We conclude that the trial court erred in holding that it could not determine defendant's right to attorney fees while litigation was pending between plaintiff and the other defendants. The summary judgment entered in defendant's favor was a final judgment;[1] ORCP 68C(6) provides that attorney fees, costs and disbursements may be allowed on an ORCP 67B judgment.[2]

---

[1] The trial court made the findings required by ORCP 67B.

[2] ORCP 68C(6) provides:

"C.(6)    **Avoidance of multiple collection of attorney fees and costs and disbursements.**

"C.(6)(a) **Separate judgments for separate claims.** Where separate final judgments are granted in one action for separate claims, pursuant to Rule 67 B., the court shall take such steps as necessary to avoid the multiple taxation of the same attorney fees and costs and disbursements in more than one such judgment.

"C.(6)(b) **Separate judgments for the same claim.** When there are separate judgments entered for one claim (where separate actions are brought for the same claim against several parties who might have been joined as parties in

We affirm the trial court's denial of attorney fees, however, on other grounds. *Former* ORS 87.060(4) provided in relevant part:

> "[I]n suits to enforce a lien created by ORS 87.010 the court shall allow a reasonable amount of attorney fees at trial and on appeal to the prevailing party * * *."[3]

Defendant argues that once money is deposited pursuant to ORS 87.076(2)(a) and real property is released from a lien claim, ORS 87.083(1), a defendant property owner who disclaims any interest in the deposited money, and against whom no further relief is possible, becomes a "prevailing party." We disagree.

ORS 87.083 provides:

> "(1)   Any suit to foreclose a lien pursuant to ORS 87.060 which is commenced or pending after the filing of a bond or deposit of money under ORS 87.076 shall proceed as if no filing or deposit had been made except that the lien shall attach to the bond or money upon the filing or deposit and the service of notice thereof upon the lien claimant. The property described in the claim for lien shall thereafter be entirely free of the lien and shall in no way be involved in subsequent proceedings.

---

the same action, or where pursuant to Rule 67 B. separate final judgments are entered against several parties for the same claim), attorney fees and costs and disbursements may be entered in each such judgment as provided in this rule, but satisfaction of one such judgment shall bar recovery of attorney fees or costs and disbursements included in all other judgments."

The comment to ORCP 68C(6) states:

> "Subsection 68 C.(6) replaces ORS 20.050 and also covers the entry of multiple final judgments in one case. Paragraph 68 C.(6)(a) covers the situation where multiple judgments are entered on separate claims pursuant to ORCP 67 B. In such case, the court is required to avoid multiple taxation of the same costs, disbursements, or attorney fees. Paragraph 68 C.(6)(b) allows entry of the same costs, disbursements, and attorney fees when there are multiple judgments against different parties on the same claim (in the same case or in separate cases), but makes clear that satisfaction of the costs, attorney fees, and disbursements portion of one such judgment satisfies all of the judgments."

[3] *Former* ORS 87.060(4) was amended by 1983 Or Laws, ch 517, § 2. It now provides, in relevant part:

> "In suits to enforce a lien created by ORS 87.010, the court shall allow a reasonable amount as attorney fees at trial and on appeal to the party who prevails on the issues of the validity and foreclosure of the lien." ORS 87.060(5).

The effective date of the amendment was after the judgment here.

"(2)   When a bond is filed or money is deposited, if, in a suit to enforce the lien for which the filing or deposit is made, the court shall allow the lien, the lien shall be satisfied out of the bond or money. The court shall include as part of its judgment an order for the return to the person who deposited the money of any amount remaining after the lien is satisfied.

"(3)   When a bond is filed or money is deposited, if, in a suit to enforce the lien for which the filing or deposit is made, the court shall disallow the lien, the court shall include as part of its judgment an order for the return of the bond or money to the person who filed the bond or money."

Plaintiff was unwilling to stipulate to the dismissal of its claim against defendant, even though defendant's property was entirely free of plaintiff's lien after the deposit of money and even though defendant disclaimed any interest in the deposited money. Under those facts, defendant was not a necessary party to plaintiff's action; she could have been dismissed from the action by plaintiff by a stipulated motion supported by her affidavit that she claimed no interest in the money. ORCP 54A(1).

When, as here, a lien claimant is unwilling to stipulate to a dismissal and the property owner claims no interest in the deposited money, the property owner has the option either affirmatively to remove herself from the action, as defendant did here, or to await its conclusion. In either event, no affirmative relief may be obtained against the property owner. ORS 87.083(1). The fact that the property owner obtains an early dismissal from the action, however, does not make her the "prevailing party" for the purposes of *former* ORS 87.060(4). We interpret "prevailing party" under that statute to mean a party who prevails on the issues of the validity and foreclosure of the lien. Here, defendant did not prevail on the issues of the validity and foreclosure of plaintiff's lien. Therefore, she is not a prevailing party and may not recover attorney fees, costs or disbursements under *former* ORS 87.060(4).

Affirmed.