Argued and submitted March 16, affirmed May 27, 1987

AUSTIN et ux,
*Appellants,*

*v.*

CARVER et ux,
*Respondents.*

(CC83-273; CA A40170)

737 P2d 639

J. R. Perkins, III, The Dalles, argued the cause and filed the briefs for appellants.

Thomas C. Peachey, The Dalles, filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is an action to foreclose a lien. The trial court found that the lien failed but entered a *quantum meruit* judgment for plaintiff[1] for $2,252.10. It awarded attorney fees and costs to defendant.[2] Plaintiff appeals, and we affirm.

Defendant owns a farm on which he has a drilled irrigation well. In November, 1981, at defendant's request, plaintiff, a pump installer and well driller, pulled the pump from the well to find out why it was not functioning properly. He took the pump from the farm to perform repair work. He overhauled it and installed it in the well on June 15 and 16, 1982. Defendant complained that the pump continued to function improperly, to which plaintiff replied that the problem was not with the pump but that the well had caved in, thereby making it impossible for the pump to perform properly. Although defendant occasionally complained about the pump's condition and had it checked by a third party, plaintiff did not take the pump back for further repairs until October, 1982, when defendant threatened to purchase a new pump at plaintiff's expense.

Between October and when the pump was redelivered to defendant in May, 1983, plaintiff took it to the manufacturer for an opinion about what was wrong. The pump that plaintiff redelivered in May still did not work correctly, and defendant discovered that the motor on the pump was not the same one that plaintiff had taken from the well the year before. Defendant finally purchased a new pump for his well. On June 28, 1983, plaintiff filed a lien for $4,409.70 for labor, materials and the lien filing cost.

Plaintiff seeks to uphold the lien as either a construction lien under ORS 87.010 or an irrigation lien under ORS 87.356. Although it is not immediately apparent from the judgment which lien statute the trial court applied, and plaintiff and defendant continue to argue in this court over which is applicable, it appears that the trial court determined that the

---

[1] Plaintiffs are husband and wife. Because all of the actions pertinent to this case were taken by Charles Austin, we shall refer to plaintiffs in the singular.

[2] Judgment was entered against defendants Daniel and Cynthia Carver only, and they are designated as the adverse parties on appeal. For the sake of convenience, we shall refer to them in the singular.

lien arose under ORS 87.010, because it awarded attorney fees pursuant to the construction lien attorney fee statute. ORS 87.060(5).

■ The irrigation lien statute, ORS 87.356, provides, in part:

"A person who is employed to or contracts to survey, clear, ditch, dike, tile, level, check, border, excavate, grade, pave or otherwise prepare land for irrigation * * * at the request of the owner of the land, has a lien on the land prepared for the reasonable or agreed charges for labor, and the materials or equipment furnished."

Although the lien claim here arguably fits that statute, it more readily fits ORS 87.010(1):

"Any person performing labor upon, transporting or furnishing any material to be used in * * * the construction of any improvement shall have a lien upon the improvement for the labor, transportation or material furnished * * * at the instance of the owner of the improvement * * *."

An "improvement" includes a well, ORS 87.005(5); "construction" includes repairs done on an improvement. ORS 87.005(2). Accordingly, we will review the assignments of error in the light of ORS 87.010(1).

We address plaintiff's second assignment first. He claims that the trial court erred when it held that the lien failed because it was not timely filed, proper notice was not given and lienable and nonlienable items were not segregated.

ORS 87.035(1), as it existed in 1983, provided that a lien claim under ORS 87.010(1) shall be filed "not later than 90 days after [the contractor] has ceased to provide labor * * * or furnished materials or 60 days after completion of construction, whichever is earlier." The issue arises here whether the delivery and installation of the pump and motor on June 15 and 16, 1982, was a completion of construction or cessation of labor, or whether the relevant date is May 3, 1983, when the pump was redelivered.

■ In *Christenson v. Behrens et ux,* 231 Or 458, 467, 372 P2d 494 (1962), the Supreme Court stated:

"It is well settled * * * that the efforts of a contractor * * * who returns to the building where work has stopped after apparent completion and all tools have been taken away and

then performs some trifling work or a few odds and ends will not be deemed original construction so as to extend the period of limitation for filing mechanics' liens."

Performance of repair work to remedy a defect in work already performed does not extend the time limitation in ORS 87.035(1). *Central Coast Electric, Inc. v. Mendell,* 66 Or App 42, 45, 672 P2d 1224 (1983).

■ Here, plaintiff performed work on the pump and reinstalled it in defendant's well in June, 1982. Although the pump did not function properly on reinstallation, plaintiff maintained that the fault was with the well, not the pump. On July 9, 1982, he billed defendant for the work. Although defendant continued to complain that the pump was not functioning, plaintiff did not take any action to correct the deficiencies until October, 1982, when defendant threatened to replace the pump at plaintiff's expense if he did not repair it properly.

We do not believe that the work begun in October, 1982, was "trifling" or "a few odds and ends." It was, however, performance of repair work to remedy a defect in the work already performed. Plaintiff treated the reinstallation of the pump in June, 1982, as the completion of the project; he sent defendant the bill for the work and maintained that any problems were not his concern. We conclude that the 90-day period for filing the lien began June 16, 1982, and had expired one month before plaintiff went back in October to pick up the pump for the second time. The lien was not timely filed.[3]

■ In plaintiff's first assignment of error, he challenges the award of attorney fees to defendant under ORS 87.060(5), which was in effect at the time the foreclosure action was filed. He claims that it was incorrectly applied retroactively. The statute provides, in part:

"In suits to enforce a lien created by ORS 87.010 the court shall allow a reasonable amount as attorney fees at trial and on appeal to the party who prevails on the issues of the validity and foreclosure of the lien."

*Former* ORS 87.060(4), which was in effect when the lien was filed, provided for an award of attorney fees "to the prevailing

---

[3] We express no opinion whether the lien would fail for the other reasons stated by the trial court.

party." Defendant prevailed on the validity and foreclosure of the lien. Plaintiff contends that, although he lost on the lien issue, he is the prevailing party under the former statute, because he received a money judgment, and that, because *former* ORS 87.060(4) was in effect when he filed the lien, attorney fees should be awarded to him under it.

We need not decide whether there is a retroactivity issue or, if so, whether the amended statute should be applied retroactively, because under either the former or the amended statute the result is the same. Although neither party cited the case, in *Beaver State Scaffolding-Equip. Co. v. Taylor,* 70 Or App 113, 688 P2d 417 (1984), we stated that the term "prevailing party" in *former* ORS 87.060(4) means "a party who prevails on the issues of the validity and foreclosure of the lien." 70 Or App at 117. Accordingly, because the interpretation of the former statute and the language of the amended statute are identical, the trial court did not err when it awarded attorney fees to defendant.[4]

■    In plaintiff's final assignment, he claims error in the trial court's failure to order that the pump motor which plaintiff delivered to defendant in May, 1983, be returned to him. Plaintiff did not request return of the motor in his pleadings or at trial. Accordingly, there is no error in the trial court's failure to order its return.[5]

Affirmed.

---

[4] Defendant's only prayer for fees on the lien claim was under ORS 87.386(2), which provides for an award of attorney fees to the prevailing party in an action to foreclose a lien under ORS 87.356. Because plaintiff does not assign error to the award of attorney fees based on a statute not pled, *see* ORCP 68C, we do not address that issue.

[5] Defendant does not challenge the entry of a money judgment against him.