Argued and submitted September 14, affirmed on appeal; on cross-appeal, supplemental judgment vacated and remanded December 15, 2004

SQUIER ASSOCIATES, INC.,
an Oregon company,
*Respondent - Cross-Appellant,*

*v.*

SECOR INVESTMENTS, LLC,
an Oregon limited liability company,
*Appellant - Cross-Respondent,*

*and*

MEADOWBROOK CLACKAMAS, LLC,
an Oregon limited liability company;
Onecomm Corporation, N.A.,
dba Nextel West Corporation, a Delaware corporation;
and Clackamas County, Oregon,
*Defendants below.*

CCV98-02-412; A116090

103 P3d 1129

Roy B. Thompson argued the cause for appellant - cross-respondent. With him on the briefs was Thompson ♦ Bogran, P.C.

Janelle E. Chorzempa argued the cause for respondent - cross-appellant. With her on the briefs was James H. Marvin.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

### SCHUMAN, J.

This appeal arises from a dispute between plaintiff Squier Associates, Inc., a company that performs environmental assessments of property, and defendant Secor Investments, LLC, a property owner that retained plaintiff to perform those services.[1] After a jury trial on various claims and cross-claims, the court entered a money judgment in favor of plaintiff and a supplemental judgment awarding plaintiff attorney fees and costs. Defendant appeals from both judgments, and plaintiff cross-appeals from the supplemental judgment. We affirm the judgment without discussion and focus our opinion exclusively on the supplemental judgment for attorney fees and costs.

In May 1996, defendant retained plaintiff to conduct a "Level 1 Environmental Site Assessment" on property that defendant planned to buy. As the jury found (and defendant does not contest), defendant knew when it retained plaintiff that gun-shooting activities had occurred on the property, but it did not inform plaintiff of that fact. Plaintiff found no environmental hazards, and defendant proceeded with its purchase. When defendant then attempted to sell the property to a third party, the prospective buyer engaged its own environmental inspector, who found lead contamination on the property, probably the residue from the shooting activity. Defendant then retained plaintiff a second time to conduct a more intensive "Level II Environmental Site Assessment" and to perform necessary decontamination. Plaintiff performed its duties under this second contract, but defendant refused to pay.

Plaintiff then brought this action for breach of the second contract (the December contract). Defendant counterclaimed, alleging that plaintiff negligently failed to discover the lead contamination in the initial assessment, that plaintiff defrauded defendant with the report that (incorrectly)

---

[1] Defendants Meadowbrook Clackamas, LLC, Onecomm Corporation, N.A., dba Nextel West Corporation, and Clackamas County were dismissed from the case and are not part of this appeal. "Defendant" as used in this opinion refers only to Secor.

found no contamination, and that plaintiff's alleged negligence and fraud effected a breach of the first contract (the May contract). Defendant also raised the same issues as affirmative defenses, arguing that plaintiff's alleged negligence, fraud, and breach of the May contract excused defendant from performing its obligation under the December contract, that is, paying plaintiff.

The jury, by a special verdict, found that defendant had breached the December contract with plaintiff and that plaintiff suffered damages in the amount of $8,667.22; that plaintiff had not breached the May contract; that plaintiff had not intentionally committed fraud, but that it had committed fraud recklessly; that the reckless fraud did not cause defendant any damages; that defendant knew of the shooting activity on the property but did not so inform plaintiff; that defendant's failure to inform caused some of defendant's own damages; and that defendant was 55 percent at fault. The court entered a money judgment in favor of plaintiff and also found plaintiff to be the prevailing party on defendant's counterclaims. The judgment awarded attorney fees, costs, and disbursements to plaintiff in an amount to be determined thereafter.

Pursuant to that provision of the judgment, the parties shifted their attention to attorney fees, governed by the December contract. Plaintiff argued that the attorney fee clause[2] entitled it to $172,879.35 in attorney fees, $6,447.20 in costs, and $37,415.68 in staff time. Defendant responded with objections and also with a subpoena *duces tecum* and a request for production demanding information from plaintiff about the nature and extent of its fee claims. After a hearing on fees and costs, the court awarded plaintiff $50,000 in fees and $6,447.20 in costs.

On appeal, defendant assigns error to the trial court's conclusion that plaintiff was the prevailing party and

---

[2] "In the event that a dispute arises in any way connected with this contract [and] [i]f the dispute eventually results in litigation, it is agreed that the prevailing party shall be entitled to recover all reasonable costs incurred, including staff time, court costs, attorney's fees, and other claim-related expenses, including at trial and on appeal."

to the ensuing award of attorney fees. On cross-appeal, plaintiff assigns error to the trial court's failure to award the full amount of fees and costs that plaintiff requested and its failure to award the $5,000 that plaintiff requested in prevailing party fees.

Initially, we reject defendant's claim that it, and not plaintiff, was the prevailing party. Defendant bases that claim on two arguments: first, that defendant prevailed on its fraud claim against plaintiff; and second, that defendant successfully defended against a lien foreclosure claim that plaintiff included in its first complaint. Neither argument has merit.

The trial court judgment declared that plaintiff prevailed on all of defendant's counterclaims, one of which was for fraud. That declaration is correct. Although the jury found that plaintiff recklessly defrauded defendant, it also found that no damages resulted. Damages or injury to the defrauded party is an essential element of fraud. *Conzelmann v. N.W.P. & D. Prod. Co.*, 190 Or 332, 350, 225 P2d 757 (1950). Thus, the trial court's legal conclusion that plaintiff prevailed on the fraud claim was not error.

Regarding the lien foreclosure, defendant contends that it should be considered the prevailing party under the contract because the foreclosure claim was for $72,000, an amount larger than the $8,667.22 that the court awarded plaintiff. However, as we explain below, defendant cannot be considered to have prevailed on the lien; therefore its claim to prevailing party status under the contract fails.

Defendant's claim to prevailing party status on the lien claim is governed by ORS 87.060(5), which provides, in part:

> "In a suit to enforce a lien * * * the court shall allow a reasonable amount as attorney fees at trial and on appeal to the party who prevails on the issues of the validity and foreclosure of the lien."

Plaintiff's first complaint contained a claim to foreclose a lien against all defendants. However, after prevailing on that claim against a codefendant, Meadowbrook Clackamas, LLC, plaintiff dismissed the claim against defendant. Under the

circumstances, defendant cannot be said to have prevailed on the issues of the validity and foreclosure of the lien. The situation resembles the one in *Beaver State Scaffolding-Equip. Co., Inc. v. Taylor*, 70 Or App 113, 688 P2d 417 (1984). In that case, the plaintiff sued to foreclose a construction lien against the defendant. The defendant had deposited a bond, and she submitted an affidavit disclaiming any interest in the deposited money. She then moved for and obtained summary judgment on the theory that, although the plaintiff could obtain relief against the bond, it could obtain no relief against the defendant herself. *Id.* at 115. On appeal, we upheld the grant of summary judgment and also held that the defendant was not entitled to attorney fees under the predecessor to ORS 87.060(5). "The fact that the property owner obtains an early dismissal from the action * * * does not make her the 'prevailing party' for the purposes" of the statute. *Id.* at 117. The same principle applies here. Defendant did not prevail.

■ ■ We turn to plaintiff's cross-appeal. We review the amount of an award of attorney fees for abuse of discretion. However, a court has discretion to choose only among legally correct options. *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). Thus, to the extent that plaintiff's entitlement to attorney fees depends on the interpretation of a contract, a legal question, we review for errors of law. *Koster Remodeling & Construction, Inc. v. Jakata*, 155 Or App 142, 145, 963 P2d 726 (1998).

■ The provision in the December contract that serves as the basis for plaintiff's attorney fee and cost petition is unambiguous. It states:

> "In the event that a dispute arises in any way connected with this contract [and] [i]f the dispute eventually results in litigation, it is agreed that the prevailing party shall be entitled to recover all reasonable costs incurred, including staff time, court costs, attorney's fees, and other claim-related expenses, including at trial and on appeal."

The dispute arising from the contract was plaintiff's claim against defendant for breach of the contract by failing to pay defendant for its services. Necessarily, that claim involved plaintiff's refutation of defendant's defenses: that plaintiff

negligently failed to discover an environmental hazard during the performance of the May contract and that plaintiff had defrauded defendant into believing that the site was fit for purchase.

Those defenses, in turn, also formed the bases for defendant's counterclaims against plaintiff for fraud, negligence, and breach of the May contract, which, according to defendant, tainted plaintiff with unclean hands and justified defendant's nonpayment under the December contract. Defendant's counterclaim for breach of the May contract incorporated all the allegations from its negligence claim, and defendant's fraud counter-claim incorporated all the allegations from its negligence and breach of contract claims.

Plaintiff therefore correctly maintains that, in order to pursue its claim, refute defendant's defenses, and defend against defendant's counterclaims, it was required to package fundamentally similar substantive arguments and deliver them in a variety of iterations. Plaintiff's pursuit of its own contract claim and its responses to defendant's arguments—that is, the affirmative defenses and counterclaims—rested on substantially the same depositions, discovery, and evidence presented at trial. *All* of the litigation, therefore, arose from a dispute connected with the December contract, and, under the clear terms of the contract, plaintiff, as the prevailing party, is entitled to recover "all reasonable costs incurred, including staff time, court costs, attorney's fees, and other claim-related expenses[.]" To the extent that the trial court ruled otherwise, that ruling was error.

The Court's letter opinion regarding attorney fees and costs stated:

"This court has previously ruled that [plaintiff] is entitled to attorney fees on the [December] contract only. [Plaintiff] has requested attorney fees based on the total case, arguing that the [December] contract claim could not be presented without defending [defendant's] counterclaims.

"1. In determining that [plaintiff] was entitled to attorney fees, this Court analyzed the various claims and determined that the cross-claims, although interrelated to the contract claim, were independent claims for which the

defendant was seeking damages, and ruled that [plaintiff] was entitled to attorney fees on the [December] contract claim only.

"2.  * * * [Plaintiff's] request for attorney fees has been presented to the Court in an hourly billing, 'abbreviated task' format. It is impossible for the Court to do a meaningful analysis and determine which work relates directly to the [December] contract claim, and which is incidental to the [December] contract claim, i.e., defending interrelated but independent counter-claims.

"The Court is aware that this is a contentious, prolonged case. Every legal pleading resulted in a counter-pleading. The voluminous written arguments were frequently followed by extensive oral argument, which was supplemented by further written argument. The Court takes note of the particularly vigorous and zealous representation of Defendant's counsel, which by its nature prolonged the case and increased the attorney fees.

"I find $50,000 to be reasonable attorney fee[s] on the contract, and Plaintiff is awarded attorney fees in the amount of $50,000 and costs in the amount of $6,447.20."

■    Clearly, the court rejected plaintiff's contention that all of the claims and counterclaims arose out of the dispute involving performance of the December contract, and, as we held above, that rejection was error. However, we cannot determine whether the $50,000 that the court awarded included or excluded "staff time," which the December contract permitted as part of "reasonable costs incurred" in litigation.[3] On remand, the court should include "staff time" in its determination of "reasonable costs" under the contract. Further, the court should make findings in support of the fee and cost award so as to permit meaningful appellate review. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 189, 957 P2d 1200 (1998) (requiring explanation for attorney fee decisions based on statute).

---

[3] We presume that the court did not award plaintiff any attorney fees for time expended on the lien foreclosure claim against defendant, because plaintiff prevailed on that claim against codefendant Meadowbrook Clackamas LLC, and received attorney fees from that party. If our assumption is wrong, the court should make an appropriate adjustment.

■ Finally, plaintiff assigns error to the trial court's failure to award $5,000 in enhanced prevailing party fees because defendant's conduct of the litigation was abrasive, overzealous, unreasonable, and in bad faith, and that such an award would deter others from similar conduct. ORS 20.190(3). Plaintiff notes in particular that the trial court commented in its letter opinion that defendant's "vigorous and zealous representation * * * prolonged the case and increased the attorney fees." We review a trial court's decision to award or not award prevailing party fees for abuse of discretion. *Jones v. Emerald Pacific Homes, Inc.*, 188 Or App 471, 481, 71 P3d 574, *rev den*, 336 Or 125 (2003). Having reviewed the record, we conclude that, although the court would not have abused its discretion in making the award plaintiff seeks, *not* making the award was a lawful option and, based on this record, it was within the court's discretion. *Rogers*, 330 Or at 312.

Affirmed on appeal; on cross-appeal, supplemental judgment vacated and remanded.