Argued and submitted September 11, 2012, affirmed May 15; appellant's petition for reconsideration filed May 29, and respondent's response to petition for reconsideration filed June 5, allowed by opinion July 24, 2013
See 257 Or App 677, ___ P3d ___ (2013)

PACIFICORP,
an Oregon corporation,
*Plaintiff-Respondent*,

*v.*

SIMPLEXGRINNELL, LP,
a Delaware limited partnership,
*Defendant-Appellant*.

Multnomah County Circuit Court
090303793; A148167

303 P3d 949

Charles C. Eblen, Missouri, argued the cause for appellant. With him on the briefs were Anna S. Raman and Preg O'Donnell & Gillett PLLC, and Shook, Hardy & Bacon LLP, Missouri.

Bruce L. Campbell argued the cause for respondent. With him on the brief were Jeffrey T. Sagalewicz and Miller Nash LLP.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant SimplexGrinnell, LP, appeals a supplemental judgment and money award denying its motion for attorney fees, litigation expenses, and other reasonable costs. Plaintiff PacifiCorp brought this action alleging that defendant, while performing electrical work for plaintiff's power plant, breached its contract to perform fire inspection services, which caused property damage and loss of business. The parties' contract contained an indemnity clause in which defendant agreed to indemnify and defend against any type of damage, "including attorneys' fees and/or litigation expenses, brought or made against or incurred by" plaintiff. Defendant prevailed at trial and sought attorney fees under ORS 20.096, which makes reciprocal a one-sided "prevailing party" attorney fee provision. The trial court denied defendant's motion. Because the indemnity clause did not grant a right to attorney fees in actions to enforce the contract between plaintiff and defendant, we affirm.

The procedural facts are undisputed. Defendant agreed to perform certain fire-system inspection services at plaintiff's Currant Creek Power Plant in Mona, Utah. While defendant was performing inspection services, an explosion occurred at the plant, causing plaintiff to sustain equipment damage and loss of power generation. Plaintiff commenced this action for breach of contract, and the jury found that defendant had breached its contract with plaintiff but had not caused plaintiff's damages. Following entry of judgment, defendant moved for an award of attorney fees, prevailing-party fees, litigation expenses, and other reasonable costs. Defendant argued that it was entitled to attorney fees under ORS 20.096(1), which provides:

> "In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract."

If a contract provision of the type specified provides for reasonable attorney fees for one party and not the other party, then ORS 20.096 makes the attorney fee provision reciprocal and provides both parties a right to attorney fees.

There was no provision in the parties' contract that expressly provided for an award of attorney fees to the prevailing party in the event of an action, or other dispute between the parties, for a breach of the contract. However, defendant contended that the indemnification clause in the contract comes within ORS 20.096 and entitles plaintiff to attorney fees against defendant, because the indemnification clause specifically states that defendant agrees to indemnify plaintiff for all costs and damages, *including attorney fees* arising out of the performance or nonperformance of the contract. That indemnification clause provides:

"[Defendant] specifically and expressly agrees to indemnify, defend, and hold harmless [plaintiff], its officers, directors, employees and agents (hereinafter collectively 'Indemnitees') against and from any and all claims, demands, suits, losses, costs and damages of every kind and description, *including attorneys' fees and / or litigation expenses*, brought or made against or incurred by any of the Indemnitees to the extent resulting from or arising out of any negligence or wrongful acts of [defendant], its employees, agents, representatives or subcontractors of any tier, their employees, agents or representatives in the performance or nonperformance of [defendant's] obligations under this Contract or in any way related to this Contract. The indemnity obligations under this Article shall include without limitation:

"a.    Loss of or damage to any property of [plaintiff], [defendant] or third party;

"b.    Bodily or personal injury to, or death of any person(s), including without limitation employees of [plaintiff], [defendant] or its subcontractors of any tier; and

"c.    Claims arising out of Workers' Compensation, Unemployment Compensation, or similar such laws or obligations applicable to employees of [defendant] or its subcontractors of any tier.

"[Defendant's] indemnity obligation under this Article shall not extend to any liability caused by the sole negligence of any of the Indemnitees."

(Emphasis added.)

Plaintiff countered that the indemnification clause applies only to attorney fees that it may incur while defending third-party claims due to defendant's negligence and does not grant plaintiff attorney fees from direct actions between plaintiff and defendant. In other words, plaintiff argued, the indemnification clause is not a fee-shifting provision. After hearing oral argument, the trial court ruled in plaintiff's favor, denying defendant's request for attorney fees.

On appeal, defendant renews its argument that, because the indemnification provision is a one-sided attorney fee provision, ORS 20.096 applies. Plaintiff counters that the indemnification provision provides for attorney fees only when a third party files a claim against plaintiff, not when the claims are between plaintiff and defendant. There is no dispute that ORS 20.096 applies if the indemnification clause would have allowed plaintiff to receive an award of attorney fees if plaintiff had prevailed on its breach of contract claim against defendant. The only issue is whether the indemnification provision contains a prevailing-party clause that would have allowed plaintiff to recover attorney fees. If so, then the reciprocal attorney fee provision under ORS 20.096 applies, and defendant is entitled to its fees. Therefore, our task is to determine whether the indemnification clause grants plaintiff the right to recover attorney fees from defendant when plaintiff successfully prevails on a breach of contract claim against defendant.

We review a party's entitlement to attorney fees based on the trial court's interpretation of a contract for legal error. *Squier Associates, Inc. v. Secor Investments, LLC*, 196 Or App 617, 622, 103 P3d 1129 (2004). When interpreting a disputed contract provision, we follow the three-step analysis described in *Yogman v. Parrott*, 325 Or 358, 361-65, 937 P2d 1019 (1997). First, we examine the text of the disputed provision in the context of the document as a

whole, and if the text is unambiguous, our analysis ends. *Id.* at 361; ORS 42.230.[1] "Whether a provision is ambiguous is a question of law, as is the meaning of an unambiguous provision." *Williams v. RJ Reynolds Tobacco Co.*, 351 Or 368, 379, 271 P3d 103 (2011). Second, if the text is ambiguous, we examine extrinsic evidence to determine the parties' intent, including the parties' practical construction of the provision. *Yogman*, 325 Or at 363-64. Finally, if the first two steps do not resolve the ambiguity, we resort to appropriate maxims of construction. *Id.* at 364.

We begin with whether the indemnity clause is ambiguous. "A contract provision is ambiguous if it is susceptible to two or more plausible interpretations—that is, two or more sensible and reasonable interpretations[.]" *Emmert v. No Problem Harry, Inc.*, 222 Or App 151, 157, 192 P3d 844 (2008). Accordingly, we examine each party's interpretation to determine whether it is plausible.

Plaintiff's interpretation that the indemnity clause refers only to third-party actions is a plausible construction. The services agreement between the parties contained an indemnification clause, titled in bold, underlined capital letters, "**INDEMNIFICATION.**" As plaintiff notes, there is no express language purporting to give either party a right to an attorney fee award in direct actions against each other. Instead, the provision provides that defendant agrees to "indemnify, defend, and hold harmless" plaintiff "against and from any and all claims, demands, suits, losses, costs and damages of every kind and description, including attorneys' fees and/or litigation expenses" incurred by plaintiff arising from the contract. That type of broad language suggests that defendant is required to indemnify plaintiff against third-party claims.

In addition, we have held that a general indemnity clause contained in a lease agreement, without express language regarding claims between the parties, was insufficient

---

[1] ORS 42.230 provides:

"In the construction of an instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all."

to allow one contracting party to recover from the other. In *Boise Joint Venture v. Moore*, 106 Or App 83, 86, 89, 807 P2d 707 (1991), the plaintiff leased a motel building to the defendant and sought to recover its $600,000 investment in the property when defendant discontinued lease payments. The plaintiff relied on the indemnity clause in the lease agreement to argue that the defendant was required to indemnify the plaintiff for its loss. The indemnity clause provided:

> "*Tenant's Covenants of Indemnity*. Tenant further covenants and agrees to protect, indemnify and forever save harmless the Landlord and the Demised Premises of and from any and all judgments, loss, costs, charges and expenses whatsoever, including attorneys' fees, arising out of:
>
> "A. Any breach or default by Tenant in the performance or observance of any of the covenants as contained herein."

*Id.* at 89 (emphasis in original). Applying Idaho law, we held that the indemnification provision did not apply to claims between the parties, but only to third-party actions. *Id.*

*Boise Joint Venture* is instructive because the broad language in that indemnity clause is similar to the broad language in the indemnity clause at issue in this case. Both clauses expressly state that one party agrees to indemnify, hold harmless, and defend the other party against "any and all" losses and costs, but does not expressly state that the indemnification clause applies to direct actions between the parties. Thus, we conclude that plaintiff's interpretation is plausible.

As for whether defendant's construction is also plausible, defendant relies on broad language in the clause to argue that it is an indemnification provision that also contains a fee-shifting provision for actions between the parties. Specifically, defendant highlights the portion of the indemnification clause that allows plaintiff to recover "costs and damages of every kind and description, *including attorneys' fees and/or litigation expenses, brought or made against or incurred by* [any of the Indemnitees] * * * arising out of any negligence or wrongful acts of [defendant] * * * in the performance or nonperformance of [defendant]'s obligations

under this Contract * * *." (Emphasis added.) Defendant suggests that the clause allows plaintiff to be indemnified for damages—in this case attorney fees and litigation expenses—arising out of defendant's nonperformance of the contract. At first reading, it appears that defendant's interpretation of the indemnification clause is a plausible one. However, upon closer examination, particularly when applying defendant's interpretation of the indemnity clause to first-party actions, defendant's interpretation leads to absurd results, making it unreasonable.

Applying defendant's construction to a direct action between the parties, the indemnification clause requires defendant to "indemnify, defend, *and* hold harmless" plaintiff "against and from any and all claims, demands, suits, losses, costs and damages of every kind and description, including attorneys' fees and/or litigation expenses[.]" (Emphasis added.) If defendant files a breach of contract action against plaintiff, then, under defendant's interpretation of the terms of the indemnification clause, defendant must "indemnify, defend, and hold harmless" plaintiff. In practical terms, regardless of the merits or outcome of defendant's claims against plaintiff, defendant would be required to indemnify plaintiff. Simply stated, defendant could not obtain relief on a first-party claim against plaintiff. Defendant's interpretation leads to an unreasonable result, which the parties likely did not intend.

Defendant also argues that plaintiff's construction cannot be reconciled with subparagraph (a). Subparagraph (a) states that defendant's indemnity obligations "shall include without limitation * * * [l]oss of or damage to any property of [plaintiff], [defendant] or any third party[.]" Defendant contends that, because subparagraph (a) distinguishes between plaintiff's, defendant's, and a third-party's property damage, the provision contemplates actions between the parties. And, defendant adds, because attorney fees are a form of damages, subparagraph (a) requires defendant to indemnify plaintiff for its attorney fees.

We disagree with defendant that subparagraph (a) renders its construction of the indemnity clause plausible.

As we stated above, applying defendant's interpretation to a direct action between the parties would lead to an absurd result. The same holds true under subparagraph (a). If defendant filed a direct action against plaintiff for loss of or damage to defendant's property, defendant would be required to "defend, indemnify, and hold harmless" plaintiff for such damage, even if plaintiff bore significant responsibility for causing the damage. Under subparagraph (a), defendant once again would be on both sides of the legal action in a claim against plaintiff. That interpretation is not sensible.

Plaintiff offers an explanation for subparagraph (a) that is plausible: subparagraph (a), like subparagraphs (b) and (c), illustrates the breadth of defendant's indemnity obligation. It covers damage to any property that may subject plaintiff to a claim or loss, including, for example, plaintiff's property that is subject to a third-party security agreement. In that case, if plaintiff leased equipment or purchased equipment subject to a third-party lien and the equipment was damaged, defendant would be required to indemnify plaintiff against claims by the third-party lienholder for the loss or damage. In that scenario, the equipment would be "property of" plaintiff but subject to litigation from a third-party lienholder.

We also observe that, as plaintiff points out, the contract is between sophisticated parties and that if these business entities wanted a fee-shifting provision in the contract for their disputes concerning the contract, they could and presumably would have drafted one. In sum, we conclude that defendant's interpretation is not plausible.[2]

Accordingly, the indemnity clause is unambiguous. It does not apply to actions between the parties. And, because the indemnity clause would not entitle plaintiff to recover attorney fees in this contract enforcement action, the reciprocity statute, ORS 20.096, does not apply. Therefore,

---

[2] Because we conclude that the indemnity clause is unambiguous, we need not address defendant's argument that allegations in plaintiff's own complaint, in which plaintiff seeks attorney fees, are evidence of the parties' intent that the indemnity clause applies to direct claims. See *Yogman*, 325 Or at 364 (stating that the parties' conduct and practical construction are clues to the parties' intent).

the trial court correctly concluded that defendant is not entitled to attorney fees.

Affirmed.