On appellant's petition for reconsideration filed May 29, and respondent's response to petition for reconsideration filed June 5, reconsideration allowed, former opinion (256 Or App 665, 303 P3d 949) adhered to as modified July 24, petition for review denied November 7, 2013 (354 Or 389)

PACIFICORP,
an Oregon corporation,
*Plaintiff-Respondent,*

*v.*

SIMPLEXGRINNELL, LP,
a Delaware limited partnership,
*Defendant-Appellant.*

Multnomah County Circuit Court
090303793; A148167

310 P3d 672

Anna S. Raman and Preg O'Donnell & Gillette PLLC, and Charles C. Eblen and Shook, Hardy & Bacon LLP, Missouri, for petition.

Bruce L. Campbell and Miller Nash LLP, for response.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant petitions for reconsideration of our decision concluding that the indemnification clause in the parties' contract would not entitle plaintiff to recover attorney fees in an action between the parties for breach of contract and affirming the trial court's denial of defendant's request for attorney fees under the reciprocity statute, ORS 20.096. *PacifiCorp v. SimplexGrinnell, LP*, 256 Or App 665, 303 P3d 949 (2013). Defendant contends that we arrived at the wrong conclusion because, in several of our hypothetical examples, we incorrectly assumed that the indemnification clause applies to actions for plaintiff's negligent or wrongful acts. In response, plaintiff suggests that our opinion "appears to have transposed the placement of plaintiff and defendant" in our hypotheticals, but it contends that we should deny the petition because that error was immaterial. Although we agree that the error was immaterial to our disposition, we allow reconsideration and, with the modification set out below, adhere to our original opinion and disposition.

Defendant notes that our opinion, in two instances, applied defendant's interpretation of the contract to a hypothetical in which defendant files an action against plaintiff. Defendant correctly notes that the indemnification clause only applies to actions by plaintiff for defendant's negligent or wrongful acts. The indemnification clause allows plaintiff to recover "costs and damages of every kind and description, including attorneys' fees and/or litigation expenses, brought or made against or incurred by [plaintiff] * * * resulting from or arising out of *any negligence or wrongful acts of [defendant]*[.]" (Emphasis added.) Plaintiff acknowledges that the indemnification clause only applies to actions resulting from or arising out of defendant's negligence or wrongful acts but observes that our opinion "appears to have transposed the placement of plaintiff and defendant" in our hypotheticals. Plaintiff argues that, if we transposed the parties in our hypotheticals, applying defendant's construction of the indemnification clause would still lead to absurd results; under that construction, regardless of the merits of an action by plaintiff, defendant would have an obligation to indemnify plaintiff and to pay its attorney fees.

We agree with plaintiff. Our transposition of the parties in the hypotheticals has no effect on our holding, but to prevent any misunderstanding of our reasoning, we modify our opinion in two respects. In our previous opinion, we stated:

"If *defendant* files a breach of contract action against *plaintiff*, then, under defendant's interpretation of the terms of the indemnification clause, defendant must 'indemnify, defend, and hold harmless' plaintiff. In practical terms, regardless of the merits or outcome of *defendant's* claims against *plaintiff*, defendant would be required to indemnify plaintiff. *Simply stated, defendant could not obtain relief on a first-party claim against plaintiff.* Defendant's interpretation leads to an unreasonable result, which the parties likely did not intend."

256 Or App at 672 (emphasis added). We revise the emphasized portions so that the passage reads as follows:

"If plaintiff files a breach of contract against defendant, then, under defendant's interpretation of the terms of the indemnification clause, defendant must 'indemnify, defendant, and hold harmless' plaintiff. In practical terms, regardless of the merits or outcome of plaintiff's claims against defendant, defendant would be required to indemnify plaintiff. Defendant's interpretation leads to an unreasonable result, which the parties likely did not intend."

We also stated in a second passage of our original opinion:

"We disagree with defendant that subparagraph (a) renders its construction of the indemnity clause plausible. As we stated above, applying defendant's interpretation to a direct action between the parties would lead to an absurd result. The same holds true under subparagraph (a). If *defendant* filed a direct action against *plaintiff* for loss of or damage to *defendant's* property, defendant would be required to 'defend, indemnify, and hold harmless' plaintiff for such damage, even if plaintiff bore significant responsibility for causing the damage. Under subparagraph (a), defendant once again would be on both sides of the legal action in a claim *against* plaintiff. That interpretation is not sensible."

256 Or App at 672-73 (emphasis added). On reconsideration, we similarly transpose the references to the parties and revise the emphasized portions of the second passage so that it reads as follows:

> "We disagree with defendant that subparagraph (a) renders its construction of the indemnity clause plausible. As we stated above, applying defendant's interpretation to a direct action between the parties would lead to an absurd result. The same holds true under subparagraph (a). If plaintiff filed a direct action against defendant for loss of or damage to plaintiff's property, defendant would be required to 'defend, indemnify, and hold harmless' plaintiff for such damage, even if plaintiff bore significant responsibility for causing the damage. Under subparagraph (a), defendant once again would be on both sides of the legal action in a claim by plaintiff. That interpretation is not sensible."

We adhere to our opinion, as modified.

Reconsideration allowed; former opinion adhered to as modified.